415 So.2d 1262 (1982)
Ernest Lee MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 58795.
Supreme Court of Florida.
March 25, 1982.
Rehearing Denied July 22, 1982.
Larry S. Hersch of Waller & Hersch, Dade City, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Ernest Miller appeals his conviction of first-degree murder and sentence of death. We have jurisdiction[1] and affirm both the conviction and sentence.
A grand jury indicted Miller and his stepbrother William Jent for the death of a young woman known only as "Tammy." The trial court severed their cases for trial, but all their pre- and post-trial proceedings were combined. Their respective juries convicted each defendant of first-degree murder as charged, but Miller's jury recommended life imprisonment while Jent's recommended a sentence of death. In a combined sentencing order the trial court imposed *1263 the death penalty on both Miller and Jent.[2]
Miller urges nine points on appeal; six of these points[3] are identical to points raised in Jent v. State, 408 So.2d 1024 (Fla. 1981), and have been decided adversely to Miller's contentions in Jent. Even though Miller and Jent had separate trials, Jent disposes of Miller's arguments regarding the evidence presented at his trial. With the exception of two witnesses who testified at only one trial each, the same persons testified substantially the same at both trials. On reviewing the instant record, we find Miller's conviction supported by competent substantial evidence.
Miller urges that the trial court erred in failing to suppress a statement which Miller made to Jent while in jail awaiting trial. While listening to a radio newscast about a man who had confessed to several murders, Miller asked Jent if he thought that person had "confessed to the one we did." A cellmate, lying on his bunk reading a book, overheard Miller's question and, after a suppression hearing, testified to this episode at trial.
The cellmate had acted as an informant for the sheriff's department in several drug cases and had spoken with the lead investigator of the instant homicide sometime before Miller made his incriminating statement. This, claims Miller, made the cellmate an agent of the state, requiring reversal of his conviction under United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), and Malone v. State, 390 So.2d 338 (Fla. 1980). We disagree.
Both the cellmate and the detectives who interviewed him testified that he was instructed not to draw Miller or Jent into talking about the charges against them. There is no evidence in the record to show that the cellmate occupied a position of trust regarding Miller. Likewise, there is no evidence that the cellmate "deliberately used his position to secure incriminating information." 447 U.S. at 270, 100 S.Ct. at 2186. Unlike in Malone, Miller's comment was not "directly elicited by the State's stratagem deliberately designed to elicit an incriminating statement." 390 So.2d at 339. We find that the trial court did not err in denying the motion to suppress and properly allowed the cellmate's testimony into evidence.
Miller's final arguments are that the trial court improperly limited the consideration of mitigating evidence and that the court erred in overriding the jury's recommendation of life imprisonment. The trial court gave the standard instruction on aggravating and mitigating circumstances, which this Court recently upheld against the same claim of unconstitutionality as made in this appeal. Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). We therefore find no merit to Miller's claim of impropriety regarding the sentencing instructions. Additionally, we do not find reversible error in the trial court's failing to allow Miller's psychologist to testify as to Miller's rehabilitative capacity. The effectiveness of the psychologist's testimony, even without the complained-of omission, is evidenced by the jury's recommendation of life imprisonment.
In his sentencing order the trial court found no substantive difference between Miller and Jent in their participation in the crime. Notwithstanding the jury's recommendation, he found that Miller clearly deserved the death penalty. Mindful of the constitutional demand that the death penalty must be imposed in a regular, rational, consistent manner, the court also found that following the recommendation of Miller's jury would result in an unwarranted disparity in sentences. He therefore sentenced both defendants to death, finding *1264 that the mitigating evidence did not outweigh the evidence proved in aggravation.
The standard set out in Tedder v. State, 322 So.2d 908, 910 (Fla. 1975), has been met in this case. On the totality of the circumstances virtually no reasonable person could differ on the appropriateness of the death penalty. See Johnson v. State, 393 So.2d 1069 (Fla. 1980). We agree that the disparity in the recommended sentences is not warranted. See Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978).
Finding no error, we affirm both the conviction and sentence.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
McDONALD, J., concurs with conviction and dissents with sentence with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
I concur in affirming Miller's conviction but dissent as to his sentence.
The horrible death imposed upon the decedent was the culmination of a drug and alcohol infested party in which the defendants Miller and Jent participated with other young men and women. This group had left a bar and arrived at a swimming hole near a railroad trestle where the victim, not with or a part of the party, was encountered. A fight ensued between her and one of the girl friends, whereupon Miller and Jent interceded on behalf of the girl friend. These two thereafter beat the victim into helpless submission (Miller used a stick handed to him by one of the girls) following which they threw her into the trunk of Miller's car. Later she was raped by Miller, Jent and two more men while the girls looked on. They doused her with gasoline and set her afire. One can hardly imagine a more brutal, senseless, gruesome or deplorable crime. It cannot be condoned in the slightest. But it does not necessarily follow that the penalty should be death, particularly when the jury has recommended life.
In Tedder v. State, 322 So.2d 908 (Fla. 1975), this Court set out the standard which must be met in order to affirm a trial court's sentence of death over a jury's recommendation of life imprisonment.
When all the circumstances surrounding this homicide, in conjunction with the character and nature of the defendant are considered, it cannot be said that the facts are so clear and convincing that virtually no reasonable person could differ that death is appropriate. Therefore I feel the jury's recommendation should be followed.
A psychologist testified that Miller has a weak ego, that he is a "follower," that he is whatever his environment may be around him. He indicated that the violence that comes from Miller is what Miller believes others may want of him and that Miller would be quite willing to go along with them. The psychologist indicated that if the group were different so would be Miller's conduct. By its recommendation, the jury obviously considered this testimony and found Miller deserving of some mitigation of sentence. The defense presented no such evidence at Jent's sentencing proceeding, and I find that the evidence presented in the two sentencing proceedings justified the respective jury recommendations.
It appears to me that the trial judge felt that the circumstances of this homicide were so egregious that they overwhelmed any other consideration. Still, there was but one real aggravating circumstance (cruel, atrocious and heinous) and one admitted mitigating factor (no prior criminal record). The evidence is also susceptible of a finding that this defendant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
I would vacate Miller's sentence and remand for imposition of a sentence of life imprisonment with no possibility of parole for twenty-five years.
OVERTON, J., concurs.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] The facts are set out more fuly in Jent v. State, 408 So.2d 1024 (Fla. 1981).
[3] (1) Denial of access to grand jury testimony; (2) sufficiency of the evidence; (3) failure to grant new trial; (4) "weakness" of the evidence in mitigation; (5) constitutionality of § 921.141(5)(i); (6) victim's identity.