PER CURIAM.
Miller appeals the denial of his motion,* filed pursuant to Florida Rule of Criminal Procedure 3.850, to vacate, set aside, or correct conviction and sentence. We have jurisdiction and affirm the denial and deny his application for stay of execution.
A jury convicted Miller of first-degree murder, and the trial judge sentenced him to death. We affirmed both the conviction and sentence. Miller v. State, 415 So.2d 1262 (Fla.1982), cert. denied, - U.S. -, 103 S.Ct. 802, 74 L.Ed.2d 1005 (1983). The governor signed Miller’s death warrant on June 23, 1983. Miller then filed the motion which is the subject of this appeal.
On appeal Miller urges that the trial court erred by failing to (1) hold an eviden-tiary hearing regarding prosecutorial misconduct; (2) rule on the motion to amend the motion to vacate; and (3) find trial counsel ineffective. We find no error in the trial court proceedings.
Relying on Demps v. State, 416 So.2d 808 (Fla.1982), Miller argues that the state tampered with several witnesses. Unlike Demps, however, the record conclusively shows that Miller is entitled to no relief, and we find no error in the trial court’s refusal to grant an evidentiary hearing. The record affirmatively shows a competent basis for the trial court’s ruling.
The trial court properly ruled that the issues dealing with the motion for new trial had been considered on direct appeal and could not be brought up on collateral attack. We find no error, therefore, in the trial court’s refusal to allow Miller to amend his motion to include more material relative to that claim.
Regarding his trial counsel’s alleged ineffectiveness, Miller claims that his attorney should have secured testimony from independent forensic witnesses and should have investigated and cross-examined witnesses more. We agree with the trial court that Miller’s counsel, viewed in light of Knight v. State, 394 So.2d 997 (Fla. 1981), provided reasonably effective assistance to his client. This Court considered counsel’s performance in handling the witnesses on direct appeal, and our current review of the record supports the trial court’s conclusion that counsel performed in an exemplary fashion. The forensic expert’s testimony at the instant hearing merely points up the fact that experts can form divergent opinions.
*815 Accordingly, we affirm the trial court’s denial of Miller’s motions to vacate and for stay of execution. No motion for rehearing will be allowed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.

 The trial court’s order denying relief is set out as an appendix to Jent v. State, 435 So.2d 8(39 (Fla. 1983).