416 So.2d 808 (1982)
Bennie E. DEMPS, Appellant,
v.
STATE of Florida, Appellee.
No. 62169.
Supreme Court of Florida.
June 24, 1982.
John Middleton, Gainesville, and John L. Carroll and Dennis N. Balske, Montgomery, Ala., for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Bennie E. Demps is before this Court on appeal from the denial without hearing of his motion for post-conviction relief by the Circuit Court for the Eighth Judicial Circuit. Fla.R.Crim.P. 3.850. Concurrent with *809 the appeal, he seeks a stay of execution now scheduled for June 29, 1982. Demps was sentenced to death in 1978 for the jailhouse slaying of a fellow inmate. We have affirmed this sentence. Demps v. State, 395 So.2d 501 (Fla.), cert. denied, ___ U.S. ___, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981).
Appellant claims that he is entitled to an evidentiary hearing because his motion for post-conviction relief presents substantial arguments that, if established, would warrant relief from the death sentence. Five of the six points that appellant claims are error may be dismissed. The claims that the trial judge improperly restricted voir dire and he improperly restricted presentation of a mitigating circumstance, the victim's criminal history, are both issues which could have been raised on direct appeal and are therefore not proper matters under rule 3.850. See Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). The third claim, spun from the first two, is that since counsel during the direct appeal failed to raise these issues, which are now barred, his representation was ipso facto ineffective. The same counsel who made the direct appeal now makes this claim of his own ineffectiveness. Treating this one claim as a petition for habeas corpus, since review of appellate counsel's efforts is not a matter for the trial court, Smith v. State, 400 So.2d 956, 960 (Fla. 1981), we are more impressed with its novelty than the argument. Appellant's counsel admits that at the time of direct appeal, his considered legal judgment was not to raise these issues. Unless we are to assume an intentional effort at building an element of ineffectiveness into this case, we must allow counsel the benefit of his original position, and avoid questioning his tactics. Certainly we cannot call these omissions a "serious deficiency measurably below that of competent counsel." Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). The fourth claim is that the state illegally solicited the testimony of its central witness, Larry Hathaway, through inducements. This claim was effectively raised on direct appeal when appellant attacked the trial court's disallowance of evidence showing Hathaway was homosexual and that his testimony was given in exchange for a transfer to a prison with his lover. See Demps v. State, 395 So.2d at 504. If not exactly raised, it could have been. Witt v. State. Appellant next attacks the imposition of the death sentence in spite of two invalid aggravating factors. This is consistent with Elledge v. State, 346 So.2d 998 (Fla. 1977), since there were no mitigating factors.
Appellant's sixth claim is not so easily discounted. He contends that the state through the Department of Corrections, induced a witness, Michael Squires, not to testify. Demps asserts that Squires would have given exculpatory testimony, but that a Department of Correction's investigator promised Squires an early parole in exchange for his silence, and that Squires in fact received a presumptive parole date reduced by seventeen years for his cooperation. Needless to say, these are serious allegations which warrant a close examination. Because we cannot say that the record conclusively shows appellant is entitled to no relief, see LeDuc v. State, 415 So.2d 721 (Fla. 1982), Fla.R.Crim.P. 3.850, we must remand this issue to the trial court for an evidentiary hearing.
In opposition to such a hearing, the state asserts that the appellant may not raise "newly discovered evidence" under the rule 3.850 motion. The state is quite correct in this assertion. See Smith v. State, 400 So.2d 956 (Fla. 1981); Hallman v. State, 371 So.2d 482 (Fla. 1979). But we do not view this situation as involving "newly discovered evidence." Appellant's defense counsel was aware of Squire's exculpatory testimony prior to trial. At the commencement of trial, however, defense counsel became aware through the state's deposition that Squires had changed his testimony, and therefore did not call Squires. If the allegations of appellant are true, this situation is one in which the state affirmatively manipulated testimony, a violation more egregious than the mere passive, nondisclosure disapproved in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Here appellant does not merely allege that he has discovered new evidence, which if considered, would have prevented entry of *810 judgment. Rather, he urges that because of prosecutorial interference with a defense witness he was denied due process of law. Although not directly a discovery violation, this violation is nevertheless more akin to a Brady violation; it is established that such a claim is proper in a rule 3.850 motion:
Since this challenge is based on the ground that the judgment was entered in violation of the due process clause of the constitution, since [he] alleges he did not have knowledge of the basis for this challenge prior to final judgment, and since it is within the peculiar province of the trial court to determine whether there was a Brady violation requiring a new trial, [his] raising of this point in a motion to vacate judgment was appropriate.
Smith v. State, 400 So.2d at 962-63. Here, the state has allegedly suppressed favorable testimony which the defendant had known about, but which became nonexistent due to governmental interference. Brady held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material... ." 373 U.S. at 87, 83 S.Ct. at 1196. The net effect of the state's alleged actions is to violate due process in a manner that abuses the spirit if not the letter of Brady.
In a second counter to this claim, the state asserts that appellant is entitled to no relief because the testimony of Squires was merely cumulative, and that the claim is legally insufficient to warrant an evidentiary hearing. Essentially, the state contends that appellant has failed to show prejudice. We reject this contention because we discern a serious due process taint whenever the state interferes with testimony. Based on Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), the United States Court of Appeals, former Fifth Circuit, has not required a showing of prejudice when governmental interference with a defense witness is involved. The reasons for such strictures are compelling:
One reason is that this due process violation will almost always be harmful, and it will be very difficult for a court to determine when it is not. This is because a court will seldom be able to determine exactly what evidence would have been brought out had the witness been allowed to testify freely. Furthermore, since a constitutional violation is involved, a court would have to be able to conclude that the absence of this unknown testimony was harmless beyond a reasonable doubt... . Even if a court could say with the requisite certainty that the omitted testimony would not have changed the outcome of the case, the defendant still should be allowed to attempt to change that outcome by presenting his witnesses. A final reason supports our conclusion. We cannot imagine that such a violation of due process would result from anything but intentional conduct on the part of the government, and a per se rule would be the best deterrent to such conduct.
United States v. Hammond, 598 F.2d 1008, 1013 (5th Cir.), aff'd on rehearing, 605 F.2d 862 (5th Cir.1979). See also United States v. Goodwin, 625 F.2d 693 (5th Cir.1980). Because of the serious nature of the conduct here alleged, we believe the interests of justice are best served by assuming prejudice to the defendant under the circumstances of this case. An evidentiary hearing on this matter is unavoidable.
Accordingly, we affirm the trial court's denial of post-conviction relief on all claims with the exception of the claim that the state interfered with a defense witness. As to that claim, we reverse the trial court's denial of post-conviction relief and remand to the trial court for an evidentiary hearing. Because the time before appellant's execution is insufficient for him to pursue this claim, his stay of execution is granted pending disposition of this matter.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD and ALDERMAN, JJ., dissent.