**Robert Austin SULLIVAN,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary,**
**Florida Department of Corrections,**
**et al., Respondents-Appellees.**

No. 83–5763.

United States Court of Appeals,
Eleventh Circuit.

Nov. 28, 1983.

Opinion on Denial of Rehearing and
Rehearing En Banc Nov. 29, 1983.

Paul, Weiss, Rifkind, Wharton & Garrison, Eric M. Freedman, New York City, for petitioner-appellant.

Carolyn Snurkowski, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondents-appellees.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Robert A. Sullivan, who is scheduled to be electrocuted by the State of Florida at 7:00 A.M. on November 29, 1983, seeks a certificate of probable cause to appeal the denial of habeas corpus relief by the Southern District of Florida and a stay of execution pending appeal.

The papers were received by the members of this panel on Friday, November 25, 1983. Extended oral argument was heard Monday morning, November 28. The entire record was available to the court, including the record from the trial, and the collateral proceedings in both state and federal court. This is a successive petition. The panel was presented with full argument as to the merits on all issues.

The certificate of probable cause is denied, and a stay of execution is denied.

The constitutional claims presented and considered by the court are as follows, with the disposition of each issue noted.

■ First, the Florida Supreme Court did not conduct a constitutionally adequate proportionality review of the sentence. The court holds that the record reflects that the Florida Supreme Court has satisfied its responsibility in this regard, contrary to the claims in *Harris v. Pulley,* 692 F.2d 1189, 1196 (9th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1425, 75 L.Ed.2d 787 (1983), and *Autry v. Estelle,* —— U.S. ——, 104 S.Ct. 24, 78 L.Ed.2d 7 (1983).

■ Second, the Florida death penalty system is racially discriminatory as applied. Although divided on this point, the court concludes that this issue is foreclosed by *Spinkellink v. Wainwright,* 578 F.2d 582, 612, *et seq.* (5th Cir.1978), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), and *Adams v. Wainwright,* 709 F.2d 1443, 1449–50 (11th Cir.1983). The petitioner presents nothing more than the statistical impact type case as presented in those cases. Although there are new studies, the thrust is the same as ones previously held not sufficient to show the Florida system to have intentionally discriminated against petitioner. We note, without deciding the point, that the district court also found there to be an abuse of the writ on this issue.

Third, the court is unanimous in the determination that the district court properly held that the other four claims were foreclosed by the prior federal habeas corpus proceedings in this case. See *Sullivan v. Wainwright,* 695 F.2d 1306 (11th Cir. 1983). Those issues are: denial of counsel following arrest and prior to making a full confession, denial of fair trial because the jury was "death qualified," denial of effective assistance of counsel (1) for failure to investigate favorable evidence at both the guilt and penalty stage of his trial, and (2) because his attorney labored under a conflict of interest.

APPLICATION FOR CERTIFICATE OF PROBABLE CAUSE AND STAY OF EXECUTION DENIED.

R. LANIER ANDERSON, III, Circuit Judge, concurring in part and dissenting in part.

With respect to the issue of racial discrimination in the Florida death penalty system, the quality of the evidence proffered by Sullivan in the district court in this case cannot be distinguished, in my judgment, from that proffered in *Spencer v. Zant,* 715 F.2d 1562 (11th Cir.1983), where this court held that petitioner was "entitled to an evidentiary hearing on the merits of the claim as a matter of law." In my opinion the cases relied upon by my brothers are distinguishable for the reasons stated by the *Spencer* panel. That being the case, Sullivan is entitled to a stay of execution.

### ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

The petition for rehearing has previously been DENIED.

A member of the Court in active service having requested a poll in the reconsideration of this cause en banc, and a majority of the judges in active service not having voted in favor of it, the suggestion for rehearing en banc is DENIED.

The stay previously entered by Chief Judge Godbold in this cause is VACATED.