James ADAMS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary,
Florida Department of Corrections,
Respondent-Appellee.

No. 84–5322.

United States Court of Appeals,
Eleventh Circuit.

May 8, 1984.

Richard H. Burr, III, West Palm Beach,
Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., State of Fla., Tallahassee, Fla., for respondent-appellee.

Before HENDERSON, ANDERSON and
CLARK, Circuit Judges.

PER CURIAM:

■ The issue before the court is whether Adams's application for stay of his execution should be granted pending this appeal. The standard to be applied in determining whether Adams' execution should be stayed is whether he has presented "substantial grounds upon which relief may be granted." *Barefoot v. Estelle*, — U.S. ——, ——, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090, 1105 (1983).

■ We discuss only one of the several asserted grounds for relief,[1] i.e., his claim

---

1. Adams argues that the sentencing judge relied    upon a prior Tennessee conviction in which

that the death penalty in Florida is administered in an arbitrary and capricious manner on the basis of race. This issue was presented in an earlier federal habeas proceeding and resolved against Adams on the merits. *Adams v. Wainwright*, 709 F.2d 1443 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984). The present writ is thus successive and should be entertained only if the ends of justice so require. *Sanders v. U.S.,* 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–1078, 10 L.Ed.2d 148 (1963).

At the outset we note that this court now has *Spencer v. Zant*, 715 F.2d 1562, *vacated for rehearing en banc*, 715 F.2d 1583 (11th Cir.1983), pending en banc consideration and in June will hear oral argument in *McCleskey v. Zant,* 729 F.2d 1293 (1984). These cases present issues with respect to the Georgia death penalty of whether the statute is operated in an intentionally discriminatory manner, whether the actual operation of the statute statewide is arbitrary and capricious on the basis of race, and whether the statute is arbitrary and capricious on that basis as applied to the defendant.

The only thing we can say with confidence is that the state of the law with respect to these issues is unsettled. *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir.1978) (rejecting argument that the Florida statute was being applied arbitrarily and discriminatorily in violation of the 8th and 14th Amendments because statistical evidence proffered was insufficient), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); *Adams v. Wainwright,* 709 F.2d 1443 (11th Cir.1983) (same), *cert. denied,* —— U.S. ——, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984); *Smith v. Balkcom,* 671 F.2d 858 (5th Cir.1982) (denying 8th and 14th Amendment claims because statistics unreliable, but stating "in some instances circumstantial or statistical evidence of ra-

cially disproportionate impact may be so strong that the results permit no other inferences but ... racially discriminatory intent or purpose"); *Spencer v. Zant,* 715 F.2d 1562, 1578–83 (remanding 8th and 14th Amendment challenges for evidentiary hearing), *vacated for rehearing en banc,* 715 F.2d 1583 (11th Cir.1983); *Sullivan v. Wainwright,* 721 F.2d 316, 317 (11th Cir.1983) (following *Spinkellink* and *Adams*), *petition for stay of execution denied,* —— U.S. ——, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983); *Stephens v. Kemp,* —— U.S. ——, 104 S.Ct. 562, 78 L.Ed.2d 370 (1983) (granting stay of execution pending Eleventh Circuit's en banc consideration of *Spencer*).

If Adams has presented the same issues as *Spencer* and *McCleskey,* and unless his petition is barred as a successive writ, it is clear that he has presented "substantial grounds upon which relief may be granted."

At oral argument we examined counsel to ascertain whether Adams has presented the same issues now pending in *Spencer* and *McCleskey.* We are satisfied that he has.

Also at oral argument we carefully explored whether or not the evidence of justice warrants our consideration of this successive writ. Adams in his first application for collateral relief in the state courts presented this issue and unsuccessfully asked for an evidentiary hearing and for the appointment of experts. Similarly in his first federal habeas proceedings, he was denied an evidentiary hearing and appointment of experts. *Adams, supra,* at 1450. The Gross and Mauro Report on which Adams primarily relies became available only after his prior federal habeas proceedings. In *Stephens* the Supreme Court granted a stay of execution pending this court's resolution of the en banc is-

---

blacks were unconstitutionally excluded from the jury. The state courts found a procedural bar, precluding consideration of this issue. We agree, and there is no cause or prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Adams' argument with respect to ineffective assistance of counsel has no merit and requires no discussion.

sues. *Stephens,* like this case, involved a second or successive writ. We believe that the *Stephens* case in the Supreme Court and the en banc cases nonpending in the Eleventh Circuit require a stay in this case.[2]

The stay of execution is GRANTED pending en banc resolution of *Spencer.*

ALBERT J. HENDERSON, Circuit Judge, dissenting.

I respectfully dissent. In *Sullivan v. Wainwright,* 721 F.2d 316, (11th Cir.1983), this court considered a charge that the death penalty was applied in an arbitary and discriminatory manner in Florida. In *Sullivan,* the court found that the same Gross and Mauro study at issue here was insufficient evidence to sustain a claim of discriminatory intent. The United States Supreme Court affirmed in *Sullivan v. Wainwright,* — U.S. ——, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983). We are bound by that decision. I would therefore DENY the application for stay of execution.

**2.** We do not believe that *Sullivan* is controlling because it was decided in this circuit before the *Spencer* issues were voted en banc, and it was decided in the Supreme Court before *Stephens.* Moreover, *Sullivan.* did not involve a black defendant killing a white victim.