MAY 9, 1984

No. A–910. WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS *v.* ADAMS. Application of the State of Florida to vacate the order of the United States Court of Appeals for the Eleventh Circuit, dated May 8, 1984, 734 F. 2d 511, staying the execution of sentence of death in case No. 84–5322, presented to JUSTICE POWELL, and by him referred to the Court, granted. JUSTICE BLACKMUN and JUSTICE STEVENS would deny the application to vacate the stay.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Yesterday, May 8, 1984, a majority of a panel of the Court of Appeals for the Eleventh Circuit stayed the impending execution of James Adams. The Court of Appeals concluded that Adams' petition for federal habeas corpus relief presents the same issues that are currently pending before the Court of Appeals in *Spencer* v. *Zant*, 715 F. 2d 1562, vacated for rehearing en banc, 715 F. 2d 1583 (1983), and *McCleskey* v. *Zant*, No. 84–8176 (to be argued in June 1984), and that "the en banc cases [now] pending in the Eleventh Circuit require a stay in this case." 734 F. 2d 511, 513. Adams, like the petitioners in *Spencer* and *McCleskey*, maintains that the death penalty is administered on the basis of impermissible factors, including race and geography. The panel, after full briefing and oral argument, and with the benefit of a record and complete filing of appendices, was satisfied that Adams, an indigent Negro, had raised this issue in state and federal court, but has never been afforded an evidentiary hearing or appointment of experts. The Court of Appeals was also satisfied that evidence on which Adams relies in his second petition for habeas corpus only became available to him after his first federal habeas proceedings.

After having had less than a day to consider the judgment of the Court of Appeals, this Court now vacates that judgment, thereby opening the way to Adams' execution. The haste and confusion surrounding this decision is degrading to our role as judges. We have simply not had sufficient time with which to consider responsibly the issues posed by this case. Indeed, the Court is in such a rush to put an end to this litigation that it has denied my motion to defer its action for 24 hours in order for me to write a more elaborate dissent than that which is now possible given the pressing time restraints within which I have been forced to work.

The Court's jurisprudence is increasingly being marked by an indecent desire to rush to judgment in capital cases. See, *e. g.*, *Autry v. McKaskle*, 465 U. S. 1085 (1984) (MARSHALL, J., dissenting) (criticizing the Court's "unseemly desire to bring litigation in a capital case to a fast and irrevocable end"); *Woodard v. Hutchins*, 464 U. S. 377, 383 (1984) (BRENNAN, J., dissenting) (criticizing "rush to judgment" in decision to vacate stay of execution); *ibid.* (WHITE and STEVENS, JJ., dissenting); *id.*, at 383–384 (MARSHALL, J., dissenting); *Autry v. Estelle*, 464 U. S. 1, 3 (1983) (STEVENS, J., dissenting) (criticizing decision to deny stay of execution pending filing and disposition of petition for certiorari); *Barefoot v. Estelle*, 463 U. S. 880, 914–916 (1983) (MARSHALL, J., dissenting) (criticizing suggestion that courts of appeals may adopt special, summary procedures for cases in which a stay of a death sentence has been requested).

This case, however, is especially egregious. In lifting the stay imposed by the Court of Appeals, the Court has resorted to an exercise of power that is unusual and that should only be resorted to on the rare occasion in which a lower court has flagrantly abused its discretion. Repeatedly, the Justices of this Court have recognized that the power of a single Justice or of the Court as a whole to vacate a stay entered by a lower court should be reserved for exceptional circumstances. See, *e. g.*, *Kemp v. Smith*, 463 U. S. 1344 (1983) (POWELL, J., in chambers); *O'Connor v. Board of Education*, 449 U. S. 1301, 1304 (1980) (STEVENS, J., in chambers) ("A Court of Appeals' decision to enter a stay is entitled to great deference"); *Holtzman v. Schlesinger*, 414 U. S. 1304, 1308 (1973) (MARSHALL, J., in chambers) (power to vacate stay issued by court of appeals should be exercised "with the greatest of caution"); R. Stern & E. Gressman, Supreme Court Practice 881–882 (5th ed. 1978) ("[T]he Court is not likely to overturn the order

of the lower court except for gross abuse of discretion"). Here, however, caution has been thrown to the winds with an impetuousness and arrogance that is truly astonishing. What appears to have been forgotten here is that we are not dealing with mere legal semantics; we are dealing with a man's life. Because the Court has utterly failed to attend to this case with the careful deliberation that it deserves and has thus committed an error with respect to process as well as result, I respectfully dissent.