PER CURIAM.
Appellant seeks to raise an issue by motion for post conviction relief, Florida Rule of Criminal Procedure 3.850, which could properly have been litigated during the trial proceedings and reviewed upon direct appeal. Appellant's direct appeal was exhausted by this Court’s affirmance of his conviction and sentence for burglary and grand theft in Rasheed v. State, 433 So.2d 522 (Fla. 1st DCA 1983).
We affirm the trial court’s denial of relief as appellant’s single issue involved whether the circumstantial evidence presented at his trial was sufficient to support a finding of guilt, an issue not cognizable through collateral attack, see Demps v. State, 416 So.2d 808, 809 (Fla.1982); Meeks v. State, 382 So.2d 673, 675 (Fla. 1980), cert. denied, 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983).
ERVIN, C.J., and THOMPSON and WIG-GINTON, JJ., concur.