MAY 31, 1984

No. A–980. WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS v. FORD. Application of the State of Florida to vacate the order of the United States Court of Appeals for the Eleventh Circuit, dated May 30, 1984, staying the execution of sentence of death, presented to JUSTICE POWELL, and by him referred to the Court, denied. JUSTICE BRENNAN and JUSTICE MARSHALL join in the order of the Court. THE CHIEF JUSTICE, JUSTICE REHNQUIST, and JUSTICE O'CONNOR would

grant the State's application to vacate the stay of execution of sentence of death.

JUSTICE POWELL, with whom JUSTICE WHITE and JUSTICE BLACKMUN join, and with whom JUSTICE STEVENS joins in Part I, concurring.

On May 30, 1984, the Court of Appeals for the Eleventh Circuit, reversing the judgment of the District Court, granted respondent Ford a stay of execution of the sentence of death set for no later than noon on Friday, June 1, 1984. *Ford* v. *Strickland,* 734 F. 2d 538. The Court of Appeals granted the stay on two separate grounds. First, it stated that Ford's claim that he is entitled under the Eighth and Fourteenth Amendments to a procedural due process hearing to determine whether he is currently insane (the "competency claim") raises substantial issues that warrant review. Second, the Court of Appeals held that Ford's claim that Florida administers the death penalty in a discriminatory manner on the basis of race and other impermissible factors (the "discrimination claim") should be held pending en banc consideration by the Eleventh Circuit of *Spencer* v. *Zant,* 715 F. 2d 1562, vacated for rehearing en banc, 715 F. 2d 1583 (1983).

## I

The Court of Appeals found that Ford's claim of entitlement to a due process hearing on competency to be executed did not constitute an abuse of the writ of habeas corpus, and held that the District Court had erred in holding to the contrary. On the merits, the Court of Appeals stated that this claim "raises substantial procedural and substantive Eighth and Fourteenth Amendment grounds" that warrant review of Ford's federal habeas petition. The Court of Appeals reviewed the relevant record. In view of its findings, I cannot say in this case that the court abused its discretion in staying Ford's execution on this issue.* I concur, therefore, in the order of the Court denying the State's application to vacate the stay.

## II

The Court of Appeals also held that a stay of execution should be granted so that Ford's discrimination claim could be held pend-

---

*This Court has never determined whether the Constitution prohibits execution of a criminal defendant who currently is insane, and I imply no view as to the merits of this issue.

ing en banc hearing and decision by that court in *Spencer* v. *Zant, supra.* The District Court had found that Ford had abused the writ by failing to raise this claim in his first federal habeas petition. The Court of Appeals provides no convincing explanation for ignoring that factual determination. Moreover, the Florida Supreme Court held that Ford's discrimination claim was procedurally barred for failure to present it in a motion for postconviction relief as required by Florida Rule of Criminal Procedure 3.850. *Ford* v. *Wainwright*, 451 So. 2d 471 (1984). Neither the Court of Appeals nor the District Court found cause and prejudice to excuse this procedural bar. See *Engle* v. *Isaac*, 456 U. S. 107 (1982). Finally, we have held in two prior cases that the statistical evidence relied upon by Ford to support his claim of discrimination was not sufficient to raise a substantial ground upon which relief might be granted. See *Sullivan* v. *Wainwright*, 464 U. S. 109 (1983); *Wainwright* v. *Adams*, 466 U. S. 964 (1984). I am of the opinion that the Court of Appeals abused its discretion in also granting a stay of execution on Ford's discrimination claim pending its decision in *Spencer* v. *Zant, supra.*

JUSTICE STEVENS, having joined in Part I above, is of the view that it is unnecessary to consider the discrimination claim presented in Part II.