453 So.2d 389 (1984)
STATE of Florida, Appellant,
v.
David Leroy WASHINGTON, Appellee.
No. 65569.
Supreme Court of Florida.
July 10, 1984.
*390 Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Miami, for appellant.
Richard L. Jorandby, Public Defender and Richard H. Burr, III, Counsel to the Public Defender for the Fifteenth Judicial Circuit, West Palm Beach, for appellee.
ALDERMAN, Justice.
The state moves for reversal of the order of the trial court granting David Leroy Washington's motion to vacate his sentences of death. We reverse and hold that the trial court should have denied Washington's motion to vacate. We also vacate the stay of execution granted by the trial court.
Washington pleaded guilty to three first-degree murder charges, was convicted, and received three separate death sentences. He expressly waived his right to a jury during the sentencing phase of the trial. Upon appeal, we affirmed the judgments of guilty and the death sentences. Washington v. State, 362 So.2d 658 (Fla. 1978). The Supreme Court of the United States denied certiorari. Washington v. Florida, 441 U.S. 937, 99 S.Ct. 2063, 60 L.Ed.2d 666 (1979).
He subsequently filed a motion for post-conviction relief in 1981 in which he raised fourteen asserted trial court errors or constitutional defects, including a multitude of challenges to Florida's death penalty statute. The trial court denied his motion and denied his motion for stay of execution. Finding no merit to any of Washington's arguments, we affirmed the denial of relief under rule 3.850. Washington v. State, 397 So.2d 285 (Fla. 1981). Washington subsequently filed a petition for writ of habeas corpus in the United States District Court, Southern District, which, after an evidentiary hearing, denied his petition.
Unit B of the former United States Court of Appeals for the Fifth Circuit, now the Eleventh Circuit, reversed the judgment of the district court and remanded for new factfindings under the new standards it announced for analyzing ineffective assistance of counsel claims. Washington v. *391 Strickland, 693 F.2d 1243 (5th Cir.1982). The Supreme Court of the United States granted certiorari, reversed the circuit court of appeals, and held that the district court had properly declined to issue a writ of habeas corpus. Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A third death warrant for Washington was signed by the Governor of Florida on June 15, 1984. On July 6, 1984, Washington filed a successive motion for post-conviction relief in the trial court. He contended that the death penalty has been imposed in an arbitrary and discriminatory manner during the period of time in which he was sentenced to death and that he was denied his right not to be subjected to cruel and unusual punishment by the prosecutor's closing argument in his sentencing trial. As to this second point, Washington contended that although the judge who sentenced him could have based the death sentences upon constitutionally permissible, relevant, aggravating factors, the prosecutor's argument created a great risk that the death sentences imposed were based as well on sympathy for the victims and the victims' social values. The trial court granted Washington's motion for stay of execution pending determination of this motion to vacate and held its ruling on this motion in abeyance pending the en banc outcome of Moore v. Zant, 722 F.2d 640 (11th Cir.1983).
The state applied for a writ of prohibition to this Court, asking this Court to vacate the stay, and alleged that the trial court acted outside its jurisdiction in granting a stay solely on the ground that a case which the trial court believed controlling on the second issue was pending in the United States Court of Appeals for the Eleventh Circuit (en banc). The state maintained that the issues presented in Washington's successive motion to vacate are repetitive and constitute an abuse of rule 3.850 because they either could have been raised previously or were in material part previously raised and rejected. Therefore, the state argued that these claims are barred from consideration in a successive motion and are beyond the jurisdiction of the circuit court for further review.
We treated the petition for writ of prohibition as a petition for writ of mandamus and entered an order on July 9, 1984, directing the trial court to rule on the 3.850 motion. The trial court then entered its order. It summarily denied the first claim asserted by Washington that the death penalty has been imposed in Florida in an arbitrary, discriminatory manner.
The trial court, however, granted the motion to vacate, premised upon the second ground raised by Washington in his motion to vacate. The trial court ruled that there was no "waiver" bar to Washington's assertion of this claim. The trial court relied upon Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983), to find that there was a fundamental change of constitutional law. The change the court found is the articulation by the Supreme Court of the right of a defendant to "an individualized determination on the basis of the character of the individual and the circumstances of the crime." Although Zant v. Stephens did not deal with the precise issue now presented to the trial court, the trial court relied upon Judge Kravitch's dissent in Moore v. Zant to buttress its extension of Stephens to the facts of the present case.
As acknowledged by Washington and recognized by the trial court, we have recently rejected claims that Florida's death penalty is imposed in an arbitrary and discriminatory manner. Jackson v. State, 452 So.2d 533 (Fla. 1984); Ford v. Wainwright, 451 So.2d 471 (Fla. 1984); Adams v. State, 449 So.2d 819 (Fla. 1984); Sullivan v. State, 441 So.2d 609 (Fla. 1983). The Supreme Court of the United States in Sullivan v. Wainwright, ___ U.S. ___, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983), agreed that the statistical evidence of discrimination in Florida was insufficient to show that the Florida system is unconstitutionally discriminatory. See also Wainwright v. Ford, ___ U.S. ___, 104 S.Ct. 3498, 81 L.Ed.2d ___ (1984); Wainwright v. Adams, *392 ___ U.S. ___, 104 S.Ct. 2183, 80 L.Ed.2d 809 (1984). This basis for relief alleged by Washington was properly denied by the trial court.
The issue of prosecutorial comment upon which the trial court based its reversal was a matter which should have been raised at Washington's sentencing hearing and then on direct appeal and cannot now be raised in a rule 3.850 motion. There has been no fundamental constitutional change in the law as contemplated by Witt v. State, 387 So.2d 922 (Fla. 1980), which would permit Washington's collateral attack on his sentences. The trial court erred in finding that Washington was not barred from raising this prosecutorial argument claim in his motion to vacate. The right to "an individualized determination on the basis of the character of the individual and the circumstances of the crime," Zant v. Stephens, 103 S.Ct. at 2744, is not a change in the law. We consistently have adhered to this principle in death penalty cases in Florida.
Furthermore, the pendency of a case in the United States Circuit Court of Appeals for the Eleventh Circuit involving a habeas corpus action brought in a Georgia death penalty case does not meet the standard we announced in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 So.2d 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). In Witt, we reiterated our adherence to the very limited role for post-conviction proceedings even in death penalty cases. We emphasized that only major constitutional changes of law which constitute a development of fundamental significance, such as in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), may be raised for the first time under rule 3.850. We held that evolutionary refinements in the criminal law, affording new or different standards for admissibility of evidence, for procedural fairness, for proportionality review of capital cases and other like matters do not compel abridgment of the finality of judgments and are not cognizable under rule 3.850. We also expressly held that only this Court and the Supreme Court of the United States could adopt a change of law sufficient to precipitate a post-conviction challenge to a final conviction and sentence.
On the face of the motion to vacate, Washington's claims are without merit. The trial court should have denied the motion.
Accordingly, we reverse the order of the trial court and vacate the order staying Washington's execution.
No petition for rehearing will be entertained by this Court.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.