James Dupree HENRY,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT,
Respondent-Appellee.

No. 84–3647.

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 1984.

Richard H. Burr, III, West Palm Beach, Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondent-appellee.

Before HILL, KRAVITCH and ANDERSON, Circuit Judges.

BY THE COURT:

Petitioner, James Dupree Henry, is under sentence of the state courts of Florida

to be executed for the murder of Zellie L. Riley in 1974. The petition for writ of habeas corpus, 28 U.S.C. § 2254, here under consideration is a successive petition. See *Henry v. Wainwright,* 661 F.2d 56 (5th Cir., Unit B 1981), *cert. granted and case vacated and remanded for reconsideration,* 457 U.S. 1114, 102 S.Ct. 2922, 73 L.Ed.2d 1326 (1982), *aff'd on remand,* 686 F.2d 311 (5th Cir., Unit B 1982), *cert. granted and case vacated and remanded for reconsideration,* — U.S. —, 103 S.Ct. 3566, 77 L.Ed.2d 1407 (1983), *reversed on remand,* 721 F.2d 990 (5th Cir., Unit B 1983), *cert. denied,* — U.S. —, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984).

Henry brings to this court an application for a certificate of probable cause to appeal from adverse judgment of the district court, and an application for a stay of execution. This court set the matter for a hearing but notified all parties the hearing would encompass all issues on the proposed appeal including the merits. A temporary stay was entered staying petitioner's execution until 7:00 a.m. on September 20, 1984, or until further order of this court. Oral argument was heard in Atlanta, Georgia for approximately 2 hours 40 minutes today, September 19, 1984.

Henry raises four claims in his petition for relief under 28 U.S.C. § 2254.

■ First, Henry contends that he has discovered new evidence in the form of a recent mental evaluation showing that the petitioner was an intellectually limited, brain-damaged individual with very poor judgment, and a propensity to impulsive action and violence. He contends that this evidence should be considered at a new sentencing hearing. We conclude that the facts underlying this claim were known or reasonably should have been known to the defendant and his counsel at the time of his sentencing trial ten years ago, and Henry has not proffered any justifiable reason for his delay in asserting this claim. The fact that the significance of the underlying facts was not then known is primarily, we conclude, because the significance was not great. The examination reports proffered

as supporting this contention, while thorough and detailed, indicate little more than that the petitioner's psychological make-up of unknown origin but perhaps limited to early abuse and trauma, inclines him towards inappropriate violent responses. His pattern of activities prior to the trial revealed this though not confirmed by expert evaluations. We therefore agree with the district judge that this claim constitutes an abuse of the writ and, that the ends of justice do not require its further consideration.

■ Second, Henry asserts a claim which is merely a variation of the race discrimination claims rejected by the Supreme Court in *Sullivan v. Wainwright,* 721 F.2d 316 (11th Cir.1983), *stay denied,* — U.S. —, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983); *Adams v. Wainwright,* 734 F.2d 511 (11th Cir.1984), *vacated without opinion,* — U.S. —, 104 S.Ct. 2183, 80 L.Ed.2d 809 (1984); and *Ford v. Strickland,* 734 F.2d 538, 540 *app. to vacate denied,* — U.S. —, 104 S.Ct. 3498, 82 L.Ed.2d — (1984). Couched in terms of particularized discrimination upon this petitioner in his trial, the proffered support for it is the same statistical study underlying claims of statewide misapplication of the Florida death penalty law in those cases. Nothing said to support a claim of individual discrimination in this case is alleged to have been newly discovered, all circumstances surrounding his trial having been made apparent in his trial. We view this claim as frivolous but agree with the district court that its assertion in this eleventh hour petition constitutes an abuse not required to be heard.

Third, Henry also raises a variation of the *Brown v. Wainwright,* 392 So.2d 1327 (Fla.), *cert. denied,* 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981), issue which was rejected by this court in *Ford v. Strickland,* 696 F.2d 804 (11th Cir.) (en banc), *cert. denied,* — U.S. —, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). Both the district court and this court are controlled by *Ford.* This contention has no merit.

Fourth, Henry claims that the jury instruction at his sentencing trial prejudiced him because the jury was instructed that "seven or more of you must agree upon the recommendation you submit to the court." Henry failed to object to this instruction at trial. Florida case law requires a contemporaneous objection *Ford v. Wainwright,* 451 So.2d 471, 475 (Fla. 1984); *Rembert v. State,* 445 So.2d 337, 340 (Fla.1984); *Jackson v. State,* 438 So.2d 4, 6 (Fla.1983). The instructions stated Florida law at the time of the trial but did not comment upon the result of an even division between the jurors. That eventuality was not addressed by the Florida Supreme Court until *Rose v. State,* 425 So.2d 521 (Fla.1983), when the Florida Supreme Court declared that upon such an even division the trial court should take the result as a recommendation for a sentence of life imprisonment. Though petitioner contends that he was prejudiced by the failure of the trial judge to have advised the jury that a 6–6 split would constitute a recommendation of life imprisonment, nothing is proffered to show, and the record does not show, that the jury was ever divided equally in his case. Shortly before the jury returned, by 7–5 majority, a recommendation of the death sentence, the foreperson of the jury had transmitted a question to the trial judge. While there is no record to disclose the reason for the asking of the question, the question itself evidences a concern by some one or more jurors that should the defendant be sentenced to life imprisonment, he might be set free earlier than after the expiration of 25 years. The court's answer made it clear that upon such a sentence, the defendant would not be eligible for parole within 25 years. Thus the concerns which may have inhibited some jurors from voting for a life sentence were set at rest. Absent any evidence, the inference to be drawn is that jurors inclined towards the death sentence, to prevent the danger of the early release would be, thereafter, more likely to vote for the life sentence. Nevertheless, those voting for the death penalty were not reduced below seven. Under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Henry must show cause and prejudice for failing to object at trial. *See also, Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Pretermitting the cause issue, we conclude that Henry has proffered nothing upon which a finding of prejudice could be based. There is at best only a possibility of prejudice which would not carry petitioner's burden, and we in any event deem such a possibility to be remote.

The application for Certificate of Probable Cause is DENIED.

The stay heretofore entered is neither vacated nor modified and will expire by its own terms at 7:00 a.m. E.D.T. September 20, 1984.