469 So.2d 119 (1985)
Henry Perry SIRECI, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 64728.
Supreme Court of Florida.
March 21, 1985.
Rehearing Denied June 7, 1985.
Richard L. Jorandby, Public Defender and Michael A. Mello and Richard B. Greene, Asst. Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
ADKINS, Justice.
Henry Sireci was convicted of murder and sentenced to death for the killing of Howard Poteet. On direct appeal, this Court affirmed both the conviction and sentence. Sireci v. State, 399 So.2d 964 (Fla. 1981). The United States Supreme Court denied certiorari. Sireci v. State, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Sireci subsequently sought post-conviction relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850, which was denied. He now seeks review of that denial. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant's motion to vacate, set aside or correct judgment raised the following issues: (1) whether appellant was denied a fair and individualized capital sentencing determination by the preclusion of nonstatutory mitigating factors; (2) whether appellant's sentence of death was a product of systematic racial discrimination in capital sentencing; (3) whether appellant was *120 denied the effective assistance of counsel at trial; (4) whether appellant's right to discovery had been violated; (5) whether the state's failure to disclose deals with a witness in exchange for testimony deprived appellant of due process of law; (6) whether the trial court erred in denying a continuance; and (7) whether the requirement that the trial court judge must instruct the jury on lesser included offenses renders the capital sentencing system as a whole violative of the eighth and fourteenth amendments.
Issues 1, 4, 5, 6 and 7 either were or could have been raised on appeal and are therefore foreclosed in this proceeding for collateral review. Smith v. State, 457 So.2d 1380 (Fla. 1984); Demps v. State, 416 So.2d 808 (Fla. 1982).
Appellant's contention that his death sentence was a product of systematic racial discrimination in this state capital sentencing procedure is without merit. We recently rejected this claim in Smith v. State and Adams v. State, 449 So.2d 819 (Fla. 1984). The Supreme Court of the United States most recently rejected this claim in Wainwright v. Ford, ___ U.S. ___, 104 S.Ct. 3498, 82 L.Ed.2d 911 (1984). The statistical evidence presented by appellant fails to alter our view on this matter. This basis of relief alleged by Sireci was properly denied by the trial court.
Appellant contends that he received ineffective assistance of counsel. Appellant cites three reasons in support of this allegation: 1) trial counsel failed to investigate and present nonstatutory mitigating circumstances; 2) trial counsel failed to cross-examine a state witness; and 3) trial counsel failed to object to testimony regarding Sireci's right to remain silent.
A claim of ineffective assistance of counsel is cognizable under a motion for post-conviction relief. Raulerson v. State, 437 So.2d 1105 (Fla. 1983); Meeks v. State, 382 So.2d 673 (Fla. 1980). However, we refuse to address parts 1 and 3 of this contention. Claims previously raised on direct appeal will not be heard on a motion for post-conviction relief simply because those claims are raised under the guise of ineffective assistance of counsel.
Appellant's contention that trial counsel was ineffective for failing to cross-examine Donald Holtzinger is cognizable under a 3.850 motion. However, appellant's claim fails both prongs of the twopart test enunciated by the United States Supreme Court in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
104 S.Ct. at 2064.
Counsel's failure to cross-examine Holtzinger did not render his performance ineffective under the first prong of the Strickland test. At the 3.850 hearing, Serici's trial attorney testified that it was strictly a strategy decision to refrain from cross-examining Holtzinger. Counsel was hoping to preserve what he perceived to be a discovery violation on the part of the state for not furnishing him with Holtzinger's name. Under Strickland, the measure of counsel's performance under a claim of ineffectiveness is reasonableness under prevailing professional norms at the time of counsel's conduct. In this instance, counsel's conduct was reasonable under prevailing professional norms. The fact that counsel's strategy was unsuccessful does not mean that representation was inadequate. See Songer v. State, 419 So.2d 1044, 1047 (Fla. 1982).
Appellant failed to prove that counsel was so defective as to meet the Strickland test.
*121 Accordingly, the denial of appellant's 3.850 motion is hereby affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs specially with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, specially concurring.
I concur in the denial of relief, but I would address the claims that Sireci's counsel was ineffective in the sentencing phase of his trial. It is my view that counsel has a duty to investigate and present, if available, nonstatutory character evidence in the sentencing phase. Sometimes, however, for tactical reasons it may be better to present nothing; sometimes there is nothing available that would be of benefit to the defendant. In this case Sireci's counsel made little, if any, such investigation, but this does not afford Sireci a basis for relief because there simply is nothing available that would make a difference in the result.
OVERTON, J., concurs.