PER CURIAM.
The state appeals from an order entered after an evidentiary hearing granting the defendant’s motion to vacate his murder conviction and awarding him a new trial. We reverse.
At his jury trial, the defendant was convicted of murder in the second degree. On appeal, this court affirmed his conviction. Whitehead v. State, 450 So.2d 545 (Fla. 3d DCA 1984). He later filed the instant motion pursuant to Florida Rule of Criminal *1146 Procedure 3.850, claiming the state abridged his sixth amendment right to compulsory process to secure a witness’s presence at his trial. The facts on which the hearing judge relied in her grant of a new trial revolve around a witness who defendant had subpoenaed to appear at trial. At the hearing, Whitehead asserted that the trial court’s failure to grant him a continuance so that he could produce the witness to support his claim of self-defense resulted in denial of his sixth amendment rights.
From the evidence produced, we know that although the witness appeared at the courthouse, he left just prior to being called to testify. The trial court afforded the defendant a continuance overnight to locate the witness. When the trial resumed the next day, defense counsel was unable to produce the witness. The trial court insisted that the defense counsel go forward with his case, but he failed to do so, stating that he was unable to continue without the witness. The trial court ultimately determined that the defendant had effectively rested his case. At no time, before or after the approximately 48 hours between when defense counsel first announced he could not bring forth the witness and when the case was submitted to the jury, did defense counsel request a writ of attachment to secure the presence of the witness, make a formal motion for a continuance, or request any other relief. Although it is not directly pertinent to the disposition of the present appeal, we note that the alleged material witness’s importance to Whitehead’s defense is open to serious inquiry due to the fact that his one-and-a-half-page statement offered at the Rule 3.850 proceeding, which indicated that the defendant did act in self-defense, is subject to impeachment because at his pretrial deposition he had made no such statement.
It is plain on this record that the defendant’s claim was one which was cognizable in the direct appeal and which should have been raised there rather than by collateral attack. Mikenas v. State, 460 So.2d 359 (Fla.1984); Demps v. State, 416 So.2d 808 (Fla.1982), cert. denied, — U.S. -, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987); see Meeks v. State, 382 So.2d 673, 675 (Fla.1980), cert. denied, 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983). Our decision in Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983), that a conviction by a six-person jury in a capital case constituted fundamental error, is facially distinguishable. Waiver of a twelve-person jury in a capital case is the defendant’s decision and not within the court’s discretion. Id. at 262. Here, the claim of denial of a continuance was a matter within the trial court’s discretion. Williams v. State, 438 So.2d 781, 785 (Fla.1983), cert. denied, 465 U.S. 1109, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984); Jordan v. State, 419 So.2d 363, 365 (Fla. 1st DCA 1982); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981). Consequently, there is no basis to support the hearing judge’s analysis that denial of a continuance constituted fundamental error. See Sanford v. Rubin, 237 So.2d 134 (Fla.1970). Neither is there any basis for claiming that defendant’s sixth amendment rights were violated by governmental misconduct. Ashley v. State, 433 So.2d 1263 (Fla. 1st DCA 1983); Demps, 416 So.2d at 809; cf. State v. Montgomery, 467 So.2d 387 (Fla. 3d DCA 1985) (prosecutor cannot prevent or discourage defense witness from testifying). There was no evidence that the state caused the witness’s absence. He left the courthouse on his own.
The question of whether Whitehead is entitled to post-judgment relief due to ineffective assistance of counsel which affected the outcome of the proceeding is yet to be resolved. See Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
For the foregoing reasons, the order granting the defendant’s motion for post-judgment relief and awarding him a new trial is reversed and remanded with directions to reinstate the original judgment.