BARKDULL, Judge.
Appellant seeks review of the trial court’s summary denial of a rule 3.850 motion to withdraw a plea.
In April of 1984 defendant plead guilty to five counts of armed robbery and was sentenced to five and one half years in prison. In August of 1986 defendant was charged with escape and in November of 1986 he was charged with robbery with a firearm and possession of a firearm during the commission of a felony. In December of 1986 defendant plead guilty to the escape charge and the other crimes charged and was sentenced accordingly. In July and again in August of *84 1990 defendant attacked the 1986 sentences by rule 3.800 motion. Those motions were denied by the trial court and this court affirmed those denials, without opinion, at 586 So.2d 348 (Fla. 3d DCA 1991). In February of 1993 defendant filed a rule 3.850 motion challenging the 1986 sentences. The trial court summarily denied that motion and this court affirmed the trial court’s denial, without opinion, at 624 So.2d 272 (Fla. 3d DCA 1993). Defendant now brings this rule 3.850 motion seeking to withdraw his guilty plea claiming that his plea was involuntary due to ineffective assistance of defense counsel.
Proeedurally defendant’s motion is barred.[1] Defendant has missed the time limitation by at least four years[2] thus, this motion must fail.
Furthermore, defendant is not entitled to relief on the merits. Defendant alleges that he was under the belief that his sentences in the 1986 cases were to run concurrent to the sentences in the 1984 cases. Defendant alleges that he should be allowed to withdraw his guilty plea in the 1986 cases because he did not understand the true nature of the sentences he was pleading to. Further, defendant alleges that his counsel was ineffective in that he did not explain the significance of the plea nor the nature of the crimes to which he was pleading guilty.
Defendant fails to allege a factual basis for post conviction relief. The sentencing transcript clearly demonstrates that defendant was made fully aware of the sentence he was to receive and that defendant had been fully advised by his counsel as to same. To obtain the relief sought defendant must allege facts which are not conclusively rebutted by the record and which demonstrate that counsel’s performance was so deficient that but for the deficiency the outcome would have been different. See and compare Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Kennedy v. State, 547 So.2d 912 (Fla.1989); Agan v. State, 503 So.2d 1254 (Fla.1987); O’Callaghan v. State, 461 So.2d 1354 (Fla.1984). This defendant has failed to do.
Accordingly, the order under review is affirmed.
Affirmed.

. Under rule 3.850(b) a defendant must file his motion within two years of his conviction becoming final. Since defendant plead to the 1986 cases his sentences became final in January of 1987 and thus defendant had until January of 1989 to file his motion.

. Rule 3.850(b)(1) allows a defendant to bring a motion for post conviction relief more than two years after the conviction has become final where the facts upon which the claim is based were unknown and could not have been ascertained by the exercise of due diligence. Defendant may not avail himself of this "discovery" provision to excuse his tardiness in seeking relief in this case. Defendant was fully aware of the true nature of his sentence when his rule 3.800 motions to correct and or clarify sentence were denied. Thus, defendant was aware of the alleged deficiencies which rendered his plea involuntary from at least 1990.