PER CURIAM.
Defendant appeals from the denial of his motion for postconviction relief. We affirm. See Barnes v. State, 643 So.2d 83 (Fla. 3d DCA 1994); Fla. R.Crim. P. 3.850 (“A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. *1267 No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case ... unless it alleges that (1) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, or (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.” (emphasis added)).
In this case, the judgment and sentence became final twelve years ago, and neither exception to the time limit applies. Defendant’s -motion for postconviction relief was therefore untimely, and was properly denied.
AFFIRMED.