## KEMP, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER *v.* SMITH

No. A–186.   Decided September 17, 1983

JUSTICE POWELL, Circuit Justice.

On August 23, 1983, the Court of Appeals for the Eleventh Circuit granted respondent Smith a stay of execution pending consideration of the merits of Smith's petition for habeas corpus.   In its opinion, the Court of Appeals stated that the petition raised substantial issues that warranted review. The Attorney General filed an application with me as Circuit Justice requesting that I dissolve and vacate the stay.   I denied the application.   See *ante,* p. 1321.

On September 9, the Court of Appeals—after a hearing on the merits—denied Smith's petition for habeas corpus.   On September 13, Smith filed a suggestion for rehearing en banc and a motion for stay of execution.[1]   The Court of Appeals stayed Smith's execution on September 15.   The court provided that the stay would remain in effect until the mandate issues.   Under the Federal Rules of Appellate Procedure, if Smith's suggestion for rehearing is denied, the mandate will issue automatically after seven days.   The Court of Appeals may shorten or lengthen that period by order.   Fed. Rule App. Proc. 41(a).

The Attorney General of Georgia filed an application with me on September 16 requesting that I vacate the Court of

---

[1] On September 9, the Superior Court of Bibb County, Ga., scheduled Smith's execution for September 21.

Appeals' latest stay. Again I cannot say that the court abused its discretion in staying Smith's execution. The Court of Appeals is in a better position to determine the merits of Smith's request for rehearing and how much time it needs adequately to consider his claims. In the past, the Court of Appeals has addressed this case in an expeditious manner, consistent with our opinion in *Barefoot* v. *Estelle*, *ante*, p. 880. I have no reason to believe that the court will not expedite consideration of Smith's suggestion for rehearing. The Court of Appeals also has authority to order that the mandate issue forthwith if Smith's request for a rehearing is denied.[2]

Accordingly, the application to vacate the stay ordered by the Court of Appeals is denied.

---

[2] Smith was convicted January 30, 1975. As I noted in my in-chambers opinion of August 23, this is the fifth time that this case has required action by this Court: once on direct appeal, once on state habeas corpus, once on federal habeas corpus, and twice in Smith's second federal habeas proceeding. Apart from rehearings, this case has now been reviewed 16 times by state and federal courts. Few cases have received more repetitive consideration than this one. I cannot say whether the judicial process has been abused deliberately. Certainly our dual state and federal process, as presently structured by law, invites the years of repetitious litigation experienced in this case. But so long as present law remains unchanged, courts—absent evidence of deliberate abuse—must respect it. Courts, however, can and should expedite consideration in the absence of new and clearly substantial claims.