549 A.2d 76

COMMONWEALTH of Pennsylvania, Appellee,

v.

Leon Jerome MOSER, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 9, 1987.

Decided Oct. 14, 1988.

442

Edward F. Kane, M. Cathlene Driscoll, Norristown, for appellant.

Mary M. Killinger, Chief, Appeal Div., Fort Washington, Robert A. Graci, Chief Deputy Atty. Gen., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

In accordance with § 9711(h)(1) of the Sentencing Code, 42 Pa.C.S.A. § 9711(h)(1), we are compelled to review the Appellant's judgment of sentence of death. After an extensive and at times exasperating colloquy, the Appellant waived his right to a jury trial and pled guilty to three counts of first degree murder and one count of possession of an instrument of a crime with intent to employ it criminally. The Appellant then waived his right to have a jury impaneled for the sentencing proceeding, 42 Pa.C.S. § 9711(b), and requested disposition by a three judge panel.[1] After reviewing all the evidence, the sentencing panel found two aggravating circumstances, that the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense while committing the subject offense and that the defendant had been convicted of another state offense committed at the time of the offense at issue for which a sentence of life imprisonment or death was imposable. The sentencing panel also found two mitigating circumstances, that the appellant had no significant history of prior criminal convictions and that he was under the influence of extreme mental or emotional disburbance at the time of the offense. Weighing the aggravating and mitigating circumstances, the panel determined that the aggravating circumstances outweighed the mitigating circumstances and imposed the death sentence.

At the conclusion of the guilty plea colloquy, the Commonwealth offered the following evidence which would

---

1. The Sentencing Code provides that where a defendant waives a jury trial or pleads guilty, and waives the impanelling of a sentencing jury, *"the trial judge* shall hear the evidence and determine the penalty in the same manner as would a jury."  42 Pa.C.S. § 9711(b) (emphasis added).  While we disapprove the practice of having a three-judge panel determine a sentence, we find no prejudice to this defendant who requested that the proceeding be so conducted.

444

have been presented if the Appellant had not waived his right to a jury trial and expressed a desire to plead guilty.

On April 26, 1969, the Appellant and Linda Schramm were married. Two children, Donna and Joanne were born during the marriage. After separating in December of 1983, the Mosers were divorced on September 13, 1984. The Appellant was quite distraught over the divorce, resulting in him becoming increasingly depressed as well as resentful and angry. He blamed both his wife and her parents for the break-up of his marriage and considered himself the victim of their lies and hatred.

On January 28, 1985, the Appellant purchased a 30.06 Remington Model 700 bolt action rifle. At the time of the purchase, the Appellant indicated he was purchasing the rifle for deer hunting even though the deer hunting season had passed and the Appellant was never known to go deer hunting.

On March 31, 1985, Mrs. Moser and her two girls, Donna, age 14 and Joanne, age 10, attended Palm Sunday services at the St. James Episcopal Church in Lower Providence Township. Prior arrangements had been made for the Appellant to take the girls from the church after the services and spend the afternoon with them. On that day, the Appellant placed his rifle in the back of his Toyota hatchback and backed his car into a parking place in the church parking lot. By backing his car into a parking place, the rear of his automobile was protected from view by shrubs and trees. After the church services, Donna and Joanne changed into casual clothing and met the Appellant and their mother in front of the Appellant's vehicle. A few words were spoken and then Appellant's ex-wife started walking back to the church. Joanne entered Appellant's automobile and sat in the back seat. Donna was standing in front of the automobile. Appellant then walked to the back of his car, removed the rifle and shot Joanne in the head. As a result of the noise, Mrs. Moser turned around and screamed "Oh my God." At that instant, the Appellant aimed and shot Mrs. Moser in the chest. The Appellant

turned again, took aim and shot Donna in the head. Having shot his ex-wife and two daughters, the Appellant then placed the rifle at his side and fired into the air. The Appellant fell to the ground as if shot, and remained there until the police arrived. Mrs. Moser and Joanne were dead at the scene, while Donna died at the hospital.

Pursuant to a search warrant, the police found an envelope in the car addressed to Mrs. Moser's parents, the Schramms, with the following written on it.

"Sometimes when you want everything—you end up with nothing."

Quote from Doris S.

"Happy Easter!!!"

The back of the envelope contained the following.

To whom it may concern,

All I ask from life was the health to work hard to support and enjoy my family and a nice house and with my family participate in the beautiful things this life has to offer.

However, the people I loved and trusted decided to destroy and further guarantee the total destruction of that right. Thanks to all who participated.

L.

The following note was inside the envelope.

Congratulations Linda.

You have turned a man with faith, trust and love into a *bitter shell* with no dreams, no hope, no love, and no faith in relatives and friends. It took you, your parents, and your lawyer and many lies to destroy my mind. And if that didn't finish me, you used the children and kept them from me even so far as not being able to talk to them.

Enjoy your divorce and worldly possessions.

I cannot leave my children in the care of lying grandparents and especially with a mother that is a thief, lyer, and adultress. Let them remain innocent and rest in peace with me.

My future in this world no longer exists—you made sure of that.

Happy Thanksgiving and Merry Christmas. I hope you live to be twice the age of your grandmother so that you can enjoy telling lies to your mother and father and lavish in all your "investments".

L---

The police also secured a search warrant to search the Appellant's apartment. There, the investigators found a set of keys belonging to his employer together with a note requesting that the keys be returned to the employer.

Even though the Appellant has expressed a desire to be executed, an appeal has been perfected on his behalf, including the filing of a competent brief in which the Appellant's trial counsel asserts that the record does not support the findings of the sentencing panel with regard to the two aggravating circumstances, that the sentencing panel erred in not finding one of his mitigating circumstances, that the mitigating circumstances outweigh the aggravating circumstances, and that the sentence is disproportionate.

■ Although the Appellant does not challenge the sufficiency of the evidence, we are compelled to review the record to determine whether the Commonwealth has established beyond a reasonable doubt the elements necessary to sustain a conviction of first degree murder. *Commonwealth v. Caldwell*, 516 Pa. 441, 532 A.2d 813 (1987); *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982) *cert. denied* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983) *rehearing denied* 463 U.S 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983). Having reviewed the record in detail we are satisfied that the Commonwealth presented sufficient evidence to establish beyond a reasonable doubt that the Appellant planned the killings with premeditation and with specific intent did execute that plan.

■ Appellant asserts that the evidence does not support the sentencing panel's determination that he had been convicted of another offense committed at the time of the offense at issue for which a sentence of life imprisonment or death was imposable. 42 Pa.C.S.A. § 9711(d)(10). The

Appellant argues that since the multiple killings were of a singular plan and accomplished in a matter of seconds, subsection (10) was inapplicable. In *Commonwealth v. Cross*, 508 Pa. 322, 496 A.2d 1144 (1985), we held that § 9711(d)(10) applies specifically to multiple murders. In that case, the defendant had been convicted of killing the wife and children of a fellow employee. In upholding the applicability of § 9711(d)(10) to multiple murders, we said:

> By putting in the language "or at the time of the offense," the Legislature clearly intended this aggravating circumstance to include the case of multiple murders. In *Commonwealth v. Travaglia*, 502 Pa. 474, 495–501, 467 A.2d 288, 298–300 (1983), we held that:
>
>> "[t]he clear import of the first part of subsection (d)(10) is to classify the commission of multiple serious crimes as one of the bases upon which a jury might rest a decision that the crime of which the defendant stands convicted, and for which they are imposing sentence, merits the extreme penalty of death."

508 Pa. 339, 496 A.2d 1153. The Appellant having been convicted of multiple murders, there exists sufficient evidence to sustain the finding of the aggravating circumstance under § 9711(d)(10).

Next, the Appellant asserts that the record does not support the finding of the aggravating circumstance (d)(7). Subsection (d)(7) is applicable to a situation in which,

> in the commission of the offense the defendant knowingly created a grave risk of death to another person in addition to the victim of the offense.

42 Pa.C.S.A. § 9711(d)(7). There is no question that the Appellant committed the killings as evidenced by his plea of guilty. Furthermore, there is ample evidence to establish the grave risk of harm to those other than the victims. A ballistics expert testified that the range of the Appellant's rifle was 500 yards. Even at that distance, the rifle would have an estimated velocity of 963 foot pounds of energy. A mere 58 foot pounds of energy is considered disabling. Testimony was also provided by various parishioners situated throughout the immediate area. Although some of the

witnesses were not in the line of fire, others were. With regard to one witness positioned in an automobile parked next to the Appellant's car, and another witness approximately 150 feet in front of the Appellant, behind Mrs. Moser and within the direct site of the Appellant, there is no question that the Appellant presented a risk of harm. Taking into consideration the capabilities of the Appellant's rifle together with the positioning of these two witnesses, it is clear that a grave risk of harm to other persons in addition to the victims was present.

The final element to subsection (d)(7) is the knowledge required of the Appellant. Under the Crimes Code, "knowingly" is defined as follows:

A person acts knowingly with respect to a material element of an offense when:

(i) if the elements involved the nature of his conduct or the attending circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the elements involved a result of his conduct he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2). Thus, in order to satisfy the knowledge requirement, a person must be aware of the nature of his conduct and the certainty with which the conduct will cause such a result. Applying § 302(b)(2) to § 9711(d)(7) of the Sentencing Code in order to satisfy the knowledge requirement of subsection (d)(7), it must be proven that a perpetrator was aware of his conduct and the effect of his conduct. In other words, a person must be aware of the gravity of the acts committed and the effect of those acts.

This record supports such a finding. The rifle purchased by the Appellant is designed primarily to be used for big game hunting, such as deer, moose, bear, and other animals of that size. The Appellant was aware of this because he advised the proprietor of the gun shop where the rifle was purchased that he was buying the rifle for deer hunting. In addition, the Appellant's plan was set at the conclusion of

church services in a parking lot in which it is not unreasonable to presume people would be walking. In fact, the Appellant acknowledged the presence of the witness next to the Appellant's car. Finally, the Appellant made arrangements for returning his employer's keys, which demonstrated his awareness of the probable result of his actions. Even knowing that a person was parked beside him and that parishioners were walking within the area of his rifle's deadly capabilities, the Appellant embarked on his plan. The facts amply support the conclusion that the Appellant knowingly created a grave risk of harm to others.

■ Appellant also argues that the evidence established his inability to conform his conduct to the requirements of law. *See* 42 Pa.C.S.A. § 9711(e)(3). The sentencing panel as the trier of fact heard evidence from two psychiatrists. The court appointed psychiatrist testifying on behalf of the Appellant testified that at the time of the shootings, the Appellant's capacity to conform his conduct to the law was impaired by mental illness. The Commonwealth's psychiatrist agreed that the Appellant was suffering from severe emotional distrubances but disagreed with the conclusion that the Appellant lacked the appropriate mental capacity. The sentencing panel found the Appellant's evidence did not meet the less stringent requirements of the preponderance of the evidence in establishing the Appellant's lack of mental capacity. The sentencing panel concluded that the Appellant fully appreciated the nature of his actions and had the ability to conform his conduct to the requirements of the law. Since the sentencing panel's conclusion is supported by the evidence we will not disturb that finding.

■ Appellant also challenges the weighing of the mitigating and aggravating circumstances. He argues that the mitigating circumstances outweigh the aggravating circumstances mandating life imprisonment. In *Commonwealth v. Fahy*, 512 Pa. 298, 516 A.2d 689 (1986), we stated that

Under our legislative scheme, it is exclusively a jury question whether any mitigating factor is to be given determinative weight when balanced with other mitigating and aggravating circumstances in the case.

512 Pa. at 317, 516 A.2d at 698. Our review of the record supports the sentencing panel's determination as to the aggravating circumstances. There is no indication that the sentence is the result of any prejudice or other arbitrary factor. 42 Pa.C.S.A. § 9711(h)(3)(i). In making its determination the sentencing panel considered the mitigating circumstances it found, but concluded that the gravity of the offense and the aggravating circumstances outweighed the existing mitigating circumstances. As such, this alleged error is meritless.

■ Finally, the Appellant argues that the sentence in this matter is disproportionate to the sentences imposed in similar cases. As required by the Sentencing Code,[2] and *Commonwealth v. Frey*, 504 Pa. 428, 475 A.2d 700 (1984), we have reviewed the records compiled by the Administrative Office of the Pennsylvania Courts and must conclude that the imposition of the death penalty in this case is neither excessive nor disproportionate.

Judgment of sentence affirmed.[3]

---

**2.** 42 Pa.C.S.A. § 9711(h)(3)(iii).

**3.** The Prothonotary of the Eastern District is directed to transmit, as soon as possible, the full and complete record of the trial, sentencing hearing, imposition of sentence and review by this Court to the Governor. 42 Pa.C.S.A. § 9711(i).