### In re Leon MOSER.

### No. 95–9003.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)
August 15, 1995.

Decided Aug. 15, 1995.

Mary M. Killinger, District Atty., Norristown, PA, for State.

Billy H. Nolas, Philadelphia, PA, for Moser.

Before: MANSMANN, COWEN and NYGAARD, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

The State[1] challenges the district court's entry, in this next friend petition, of a stay of execution pending an independent psychiatric exam and evidentiary hearing to determine Mr. Moser's mental competency.

The parties have not delineated the basis of our jurisdiction nor do they dispute it. It is nonetheless incumbent upon us to

---

1. The "State" includes Martin Horn, Commissioner, Pennsylvania Department of Corrections; and Joseph P. Maurkiewicz, Superintendent of the State Correction Institution at Rockview.

ensure a proper exercise of our appellate jurisdiction. Because the effect of the stay here is injunctive in nature, we exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). *See Brown v. Vasquez*, 952 F.2d 1164, 1165 (9th Cir.1991), *cert. denied*, 503 U.S. 1011, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992). Jurisdiction is also appropriate as an exercise of our mandamus authority under the All Writs Act, 28 U.S.C. § 1651(a).

■ We review the district court's entry of the stay of execution for an abuse of discretion. *Wainwright v. Ford*, 467 U.S. 1220, 104 S.Ct. 3498, 82 L.Ed.2d 911 (1984) (Powell, J., concurring); *Kemp v. Smith*, 463 U.S. 1344, 104 S.Ct. 19, 77 L.Ed.2d 1446 (1983). The district court here soundly exercised its discretion in adopting procedures consistent with those adopted by the district court as we described in *In Re Zettlemoyer*, 53 F.3d 24 (3d Cir.1995) in holding the next friend petition in abeyance to permit resolution of the issue of Mr. Moser's competence to waive his right to federal court review of his conviction and sentence pursuant to 28 U.S.C. § 2254. Here the district court reviewed the affidavits of Drs. Sadoff and Cooke, both of whom indicated that they found Mr. Moser incompetent in 1985 when they examined him in connection with the state competency proceedings. The court also considered the fact that Moser had been placed in Fairview psychiatric facility during his incarceration, that he is currently receiving anti-depressant medication and that his psychiatric records had not been released by the State.

Accordingly, we affirm the district court's grant of a stay of execution pending an independent psychiatric examination and evidentiary hearing to assess Mr. Moser's mental competence given that it is the threshold issue in the determination of standing of the "next friend" who petitioned on Mr. Moser's behalf. The mandate shall issue forthwith.