**In re Leon MOSER (II).**

**No. 95–9004.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 16, 1995.

Decided Aug. 16, 1995.

Mary M. Killinger, District Atty., Norristown, PA, for State.

Billy H. Nolas, Philadelphia, PA, for Moser.

Before MANSMANN, COWEN and NYGAARD, Circuit Judges.

## ORDER OF THE COURT

PER CURIAM.

By order entered August 14, 1995, the District Court granted a stay of execution of death sentence, directed an independent psychiatric evaluation of Mr. Leon Moser, and appointed CJA counsel for the purpose of reporting to the Court with respect to Mr. Moser's present competency. The State appealed, and by *per curiam* opinion entered August 15, 1995, we affirmed the order of the District Court at C.A. No. 95–9003, 69 F.3d 690. Upon consideration of the State's motion to vacate the stay of execution, the Supreme Court of the United States granted the State's motion and vacated the stay, —— U.S. ——, 116 S.Ct. 28, 132 L.Ed.2d 910. The Pennsylvania Post–Conviction Defender Organization filed renewed motions for relief in the District Court on August 16, 1995 which were denied by order dated August 16, 1995 at 1:55 a.m.

Presented to us are a request for certificate of probable cause and for a stay of execution.

Upon consideration of the written submissions of the parties and the record of the District Court, and this Court having adopted expedited procedures in order to consider the merits of an appeal along with the motion for stay, *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394–95, 77 L.Ed.2d 1090 (1983); 3rd Cir. L.A.R. 111.6 (1993), it is hereby ordered by this Court that the request for certificate of probable cause is granted and the request for a stay *on this record* is denied.

We hereby remand the matter to the district court for an immediate hearing on all outstanding merits issues including *inter alia:* the standing of the Reverend Holland to act as Mr. Moser's next friend and a possible amendment to include Mr. Moser's brother as a next friend if an appropriate petition should be filed; the competency of Mr. Moser which may require that the district court order the State to produce Mr. Moser in the court's presence and that any mental health records of Mr. Moser relevant to the issue of his competency be produced for the district court's review; and the issue of deliberate delay.

If the district court should determine that a temporary stay is warranted based on this newly developed record, we are of the view that the district court has the authority to

grant a stay of the execution scheduled for 10:00 p.m. this evening.[1]

1. Judge Nygaard expresses no view on the propriety of any further stays.