

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-1995

# In Re: Leon Moser

Precedential or Non-Precedential:

Docket 95-9006

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"In Re: Leon Moser" (1995). *1995 Decisions.* Paper 225.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 95-9006
_____

In Re:  Leon Moser
_____

August 16, 1995

Before:  MANSMANN, COWEN and NYGAARD, Circuit Judges.
(Opinion filed August 16, 1995)
_____

OPINION AND ORDER OF THE COURT
_____

MANSMANN, Circuit Judge.

By order entered August 14, 1995, the District Court granted a stay of execution of death sentence, directed an independent psychiatric evaluation of Mr. Leon Moser, and appointed CJA counsel for the purpose of reporting to the Court with respect to Mr. Moser's present competency.  The State appealed, and by per curiam opinion entered August 15, 1995, we affirmed the order of the District Court at C.A.No. 95-9003. Upon consideration of the State's motion to vacate the stay of execution, the Supreme Court of the United States granted the State's motion and vacated the stay.

The Pennsylvania Post-Conviction Defender Organization (PPCDO) filed renewed motions for relief in the District Court on August 16, 1995 which were denied by order dated August 16, 1995 at 1:55 a.m.  The PPCDO filed an appeal to us, requesting a

1

certificate of probable cause and a stay of execution. By per curiam opinion entered August 16, 1995, we granted the certificate of probable cause, denied the request for a stay on the record as it then existed and remanded the matter to the district court for an immediate hearing on all outstanding merits issues including inter alia: the standing of the Reverend Holland to act as Mr. Moser's next friend and a possible amendment to include Mr. Moser's brother as a next friend if an appropriate petition should be filed; the competency of Mr. Moser which may require that the district court order the State to produce Mr. Moser in the court's presence and that any mental health records of Mr. Moser relevant to the issue of his competency be produced for the district court's review; and the issue of deliberate delay. We also indicated our view that the district court possessed the authority to grant a temporary stay, if one should be required, on the basis of the newly developed record.

The district court heard arguments from counsel commencing at 10:45 a.m. on August 16, 1995, regarding the petition of Mr. Moser's brother, Theodore Moser of Theresa, Wisconsin to intervene as a "next friend" on his brother's behalf in addition to Reverend Holland.[1] The district court also

---

[1] On this issue, the PPCDO presented the affidavit of Paul Messing, court appointed counsel for Mr. Moser regarding Theodore Moser's request that Mr. Messing represent his concerns of his brother's competence. The state responded only with unsubstantiated assertions by counsel raised during argument that Theodore Moser has shown no interest in his brother during the nearly 10 years of incarceration. However, the Messing Affidavit indicates that the Moser family could not secure proper

2

considered arguments on the issue of whether Mr. Moser engaged in deliberate delay so as to flout the judicial processes pursuant to <u>McFarland v. Scott</u>, 114 S. Ct. 2568, 2573 (1994). On August 16, 1995 at 2:20 p.m., the district court issued an order permitting the PPCDO to amend its pleading to include Theodore Moser as a next friend and requiring the State to produce Mr. Moser and his mental health records forthwith to the district court at which time an immediate hearing would convene to determine Mr. Moser's competency.

The State immediately appealed the district court's August 16, 1995 2:20 p.m. order simultaneously to the Supreme Court of the United States and to us. We dismissed the appeal for lack of jurisdiction given the interlocutory nature of the order which did not invoke our jurisdiction under either 28 U.S.C. § 1292(a)(1) or 28 U.S.C. § 1651(a).

When it became apparent that neither Mr. Moser nor his mental health records would be produced prior to the execution scheduled for 10:00 p.m. tonight,[2] the district court entered a temporary stay of Mr. Moser's execution currently scheduled for 10:00 p.m. on August 16, 1995 until August 17, 1995 at 10:00 p.m.

---

hospitalization, psychiatric care and mental health assistance for Leon because of their lack of resources. Messing Affidavit ¶ 4.

[2] Mr. Moser was presently enroute to the State Correction Institution at Rockview causing doubt as to whether he could be produced on August 16, 1995. Mr. Horowitz, the State's representative in charge of Mr. Moser's mental health records, indicated that he required a minimum of two weeks to produce the records.

This appeal is markedly different from the appeal at No. 95-9003 on which the Supreme Court vacated the stay of execution by order dated August 15, 1995.  In the matter now before us, the district court was presented with Theodore Moser's petition to act as next friend for his brother, death row inmate Leon Moser in addition to Reverend Holland.  The district court did not err in finding that Theodore Moser clearly is dedicated to the best interests of Leon Moser and has a significant relationship with him.  Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).  We also hold that the district court's action in briefly staying the execution for roughly 24 hours was a sound exercise of discretion given the state's inability to produce Mr. Moser for examination by the district court or the mental health records in a prompt fashion.  Additionally, the district court properly exercised federal judicial power.  Demosthenes v. Baal, 495 U.S. 731, 737 (1990).

We state sincerely that we recognize the Supreme Court's proper review authority and respect the Court's previous order vacating our order affirming the stay yesterday.  Given the changed circumstances and severe consequences, we are constrained to state our view that the extremely brief delay here does not prejudice the State but severely prejudices Mr. Moser.

We thus affirm the order of the district court.

NYGAARD, Circuit Judge, dissenting.

In 1985 Leon Moser appeared before a Judge of the Court of Common Pleas in the Commonwealth of Pennsylvania and entered an intelligent, knowing, and voluntary guilty plea to three charges of first degree murder. He was sentenced to death by a three-judge panel of the same court. The Supreme Court of Pennsylvania affirmed the judgment. Throughout the proceedings, Leon Moser maintained that he wanted to die. From all indications he still does.

Moreover, since being found capable to enter a plea, there is no evidence that his situation or desire to die has changed. All of the allegations contained in petitioners' submissions are only the same allegations indicating that Leon Moser is in the same frame of mind as he was ten years ago. The experts who testified by affidavit as to Moser's incompetence have not seen him for ten years. Moreover, their assessment of Leon Moser was rejected by the state trier of fact. The minister and brother who claim to represent Moser's personal interests as "next friend" have not visited with him in prison during the past ten years. And finally, the attorneys who claim to represent his legal interests have never seen him.

I do not believe that petitioners have made the requisite threshold showing that Moser is incompetent to make his own decisions. In light of that failure, the federal courts are powerless to make a decision for him. If Moser wants to die by the hands of the Commonwealth of Pennsylvania, we must let him.

5

Hours ago the Commonwealth petitioned the U.S. Supreme Court, which thereupon vacated an earlier stay of execution. The Court's Order contained no explanation; but, in its petition the Commonwealth, incorporating all the records of the lower federal courts, represented to the Court that:

1. Petitioner's application was filed 37 hours before Moser's scheduled execution;

2. The Commonwealth had witnesses available to testify in district court about Moser's current state of mind;

3. The district court's stay was granted after argument;

4. Petitioners lacked standing to file a motion on behalf of Moser;

5. Moser has consistently and unequivocally expressed his desire to die; and

6. The district court had based its decision on affidavits of a psychiatrist and a psychologist, (neither of whom has seen Moser in ten years, and both of whom testified at the state hearing ten years ago at which Moser was found capable of entering a knowing and voluntary guilty plea); the fact that Moser had been hospitalized once for depression nine years ago; and, the fact that he takes a routine anti-depressant, Imipramine.

Aside from the appearance of Leon Moser's brother as next friend, the district court in entering its stay order today had essentially the same material before it as it had yesterday, and has once again granted a stay. No new evidence has been submitted on the threshold inquiry of Moser's incompetence. Hence, I believe that the stay entered today contravenes the mandate of last night's Supreme Court order. I would reverse the

6

second stay of execution entered by the district court and allow Moser to have his wish.