

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-1995

# In Re: Leon Moser

Precedential or Non-Precedential:

Docket 95-9003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"In Re: Leon Moser" (1995). *1995 Decisions.* Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 95-9003

———————

In Re:  Leon Moser

———————

Submitted Under Third Circuit LAR 34.1(a)
August 15, 1995
Before:  MANSMANN, COWEN and NYGAARD, Circuit Judges.

———————

OPINION OF THE COURT
———————
(Filed: August 15, l995)

Per Curiam.

The State[1] challenges the district court's entry, in this next friend petition, of a stay of execution pending an independent psychiatric exam and evidentiary hearing to determine Mr. Moser's mental competency.

The parties have not delineated the basis of our jurisdiction nor do they dispute it.  It is nonetheless incumbent upon us to ensure a proper exercise of our appellate jurisdiction.  Because the effect of the stay here is injunctive in nature, we exercise jurisdiction pursuant to 28 U.S.C. §1292(a)(1).  See Brown v. Vasquez, 952 F.2d 1164, 1165 (9th Cir.), cert. denied, 503 U.S. 1011 (1992).  Jurisdiction is also

_____

[1]     The "State" includes Martin Horn, Commissioner, Pennsylvania Department of Corrections; and Joseph P. Maurkiewicz, Superintendent of the State Correction Institution at Rockview.

1

appropriate as an exercise of our mandamus authority under the All Writs Act, 28 U.S.C. § 1651(a).

We review the district court's entry of the stay of execution for an abuse of discretion. Wainwright v. Ford, 467 U.S. 1220 (1984) (Powell, J., concurring); Kemp v. Smith, 463 U.S. 1344 (1983). The district court here soundly exercised its discretion in adopting procedures consistent with those adopted by the district court as we described in In Re Zettlemoyer, 53 F.3d 24 (3d Cir. 1995) in holding the next friend petition in abeyance to permit resolution of the issue of Mr. Moser's competence to waive his right to federal court review of his conviction and sentence pursuant to 42 U.S.C. § 2254. Here the district court reviewed the affidavits of Drs. Sadoff and Cooke, both of whom indicated that they found Mr. Moser incompetent in 1985 when they examined him in connection with the state competency proceedings. The court also considered the fact that Moser had been placed in Fairview psychiatric facility during his incarceration, that he is currently receiving anti-depressant medication and that his psychiatric records had not been released by the State.

Accordingly, we affirm the district court's grant of a stay of execution pending an independent psychiatric examination and evidentiary hearing to assess Mr. Moser's mental competence given that it is the threshold issue in the determination of standing of the "next friend" who petitioned on Mr. Moser's behalf. The mandate shall issue forthwith.

2