963 A.2d 436

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Angel REYES, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 2008.

Decided Jan. 23, 2009.

Mary Elizabeth Welch, Esq., Media, for Angel Luis Reyes.

William R. Toal, III, Esq., Amy Zapp, Esq., George Michael Green, Esq., Delaware County District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

48

Justice GREENSPAN.

This matter comes before this Court on direct appeal from the imposition of a sentence of death upon Appellant, Angel Reyes, for the first-degree murder of his four–year–old daughter Marcia Reyes on May 25, 1993. We affirm.

The record establishes that Appellant and Julia Martinez moved in together and had a child, the victim Marcia Reyes. Ms. Martinez also had two sons, Javier and Louis, who were young adults with whom Appellant did not get along. In August of 1992, Appellant and Louis Martinez had a fight. When the altercation ended, Appellant grabbed Marcia's hand and led her to the edge of a body of water where, upon being confronted by Ms. Martinez, he remarked that if Ms. Martinez called the police and had him arrested, she would find Marcia in the river with her throat slashed. N.T. 11/17/93,147. Later, Appellant threatened to harm Marcia if Ms. Martinez even had contact with her son Louis or if she attempted to leave the city. *Id.*

On May 25, 1993, Ms. Martinez met her son Louis at the home of a relative who lived in Chester, Pennsylvania, in order to avoid Appellant. Appellant, however, saw Louis in Chester and confronted Ms. Martinez about whether Louis was in Chester. When Ms. Martinez indicated Louis had been in Chester, Appellant placed Marcia in his car and drove off with her. He returned approximately twenty to twenty-five minutes later without her. Upon returning, he stated, "I did it, it's all finished." N.T. 11/17/93, 55–59, 65.

Later that night, Appellant appeared at the Chester Police Station and admitted to both Sergeant Lawrence Platt and Detective Walter Loveland that he killed his daughter Marcia. Following *Miranda* warnings,[1] Appellant later told authorities that he drowned his daughter by dropping her into Ridley Creek off a bridge located in Eddystone, Pennsylvania. N.T. 11/17/93, 104–108. The decedent's body was recovered the

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

next day. An autopsy revealed that she drowned and that the manner of death was homicide.

Appellant was arrested and charged with first-degree murder, 18 Pa.C.S. § 2502(a), aggravated assault, 18 Pa.C.S. § 2702(a)(1), and endangering the welfare of children, 18 Pa.C.S. § 4304. He was tried in November of 1993 by the Honorable Frank T. Hazel, sitting without a jury. At the conclusion of the trial, Judge Hazel found Appellant guilty of all charges. In January of 1994, a jury was empaneled for a penalty hearing. On January 13, 1994, the jury returned a verdict of death, finding one aggravating circumstance, namely, that the victim was a child under twelve years of age, 42 Pa.C.S. § 9711(d)(16), and no mitigating circumstances. Appellant filed motions for reconsideration of sentence and/or a new sentence, which were denied. Appellant then filed a supplemental motion for a new sentencing trial, which was also denied. On July 19, 1994, the trial court imposed on Appellant a sentence of death for the first-degree murder conviction and a consecutive two and one-half to five year term of imprisonment for the conviction on endangering the welfare of children. Appellant filed a direct appeal in this Court,[2] and on July 31, 1996, the judgment of sentence was affirmed. *Commonwealth v. Reyes*, 545 Pa. 374, 681 A.2d 724 (1996). Appellant then filed a petition seeking a writ of certiorari in the United States Supreme Court.

On November 21, 1996, while the petition for writ of certiorari was still pending, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (PCRA). In February of 1997, new counsel was appointed, and Appellant filed an amended PCRA petition. Both PCRA petitions were subsequently withdrawn.

On April 14, 1997, the United States Supreme Court denied Appellant's petition for a writ of certiorari. *Reyes v. Commonwealth*, 520 U.S. 1174, 117 S.Ct. 1445, 137 L.Ed.2d 551 (1997). A death warrant was signed on May 6, 1997. On May 21, 1997, Appellant filed an emergency motion for stay of

---

**2.** Pursuant to 42 Pa.C.S. § 9711(h), a sentence of death is subject to automatic review by this Court.

execution and asked that his prior PCRA petitions be reinstated. On May 23, 1997, Appellant's emergency motion was granted. New counsel was appointed, and on January 23, 1998, Appellant filed a second amended PCRA petition. The matter was assigned to Judge Hazel for disposition. Following several evidentiary hearings, Judge Hazel issued a clarifying order, dated July 26, 2001, which vacated Appellant's death penalty and granted him a new sentencing hearing, but denied Appellant relief from his convictions.

Appellant thereafter appealed to this Court. After reviewing Appellant's substantive claims, this Court affirmed the order of the PCRA court denying Appellant's request for a new trial and granting him a new penalty hearing. *Commonwealth v. Reyes*, 582 Pa. 317, 870 A.2d 888, 892–893 (2005). On remand, a new penalty hearing was held in March 2007 before Judge Hazel and a jury. The Commonwealth presented evidence with respect to the aggravating circumstance set forth at 42 Pa.C.S. § 9711(d)(16).[3] The evidence showed that Appellant murdered his four-year-old daughter by intentionally throwing her off a bridge into Ridley Creek.

In mitigation, Appellant testified that he grew up in poverty in Puerto Rico, with ten other siblings, in a one or two room home that lacked electricity, plumbing, and furniture. He also averred that when he was a child, his father abused him by beating him regularly and by depriving him of necessities. This narrative was corroborated by several of Appellant's relatives. Appellant conceded that the abuse occurred more than thirty years prior to the killing of his daughter and, despite the abuse, he still loved his father.

Dr. Pedro Ferrerra, an expert in the field of forensic psychology, testified that he examined Appellant at the behest of Appellant's counsel. Dr. Ferrerra related that his examination revealed Appellant to be of low-average intelligence. Dr. Ferrerra explained that, with respect to the killing of his daughter, Appellant repressed the anger he felt toward his father and this repressed anger became manifest after Ms.

---

**3.** Section 9711(d)(16) provides as an aggravating circumstance the murder of a child under twelve years of age.

Martinez disobeyed him and saw her son. According to Dr. Ferrerra, the anger Appellant felt towards Ms. Martinez was expressed in the killing of his daughter. N.T. 3/19/07, 111–113. Finally, Dr. Ferrerra opined that Appellant's capacity to appreciate the criminality of his conduct and/or conform it to the law was substantially impaired. N.T. 3/19/07, 131. This opinion was not based on any clinical finding or diagnosis but on Appellant's belief that he acted under "some type of demonic influence on his body." N.T. 3/19/07, 127–129.

Notably, Dr. Ferrerra stated that Appellant did not suffer from any diagnosed mental illness, was not retarded, did not suffer from any organic brain diseases, and that at the time of the killing, he was not under the influence of any extreme mental or emotional disturbance. N.T. 3/19/07, 110,123,130. In addition, Dr. Ferrerra conceded that Appellant understood what he was doing was wrong as he was killing his daughter. N.T. 3/19/07, 131. He further stated that Appellant told him that his problems were drinking and having a bad temper. N.T. 3/19/07, 122.

In March 20, 2007, the jury rendered its verdict and fixed the penalty at death. It found that the Commonwealth met its burden of establishing beyond a reasonable doubt the aggravating circumstance of the killing of a child less than twelve years of age. 42 Pa.C.S. § 9711(d)(16). One or more jurors found that Appellant proved by a preponderance of the evidence the "catch-all" mitigating circumstance set forth at 42 Pa.C.S § 9711(e)(8).[4] No juror found that Appellant had proved the "impaired capacity" mitigating circumstance set forth at 42 Pa.C.S. § 9711(e)(3).

4. The jury relied upon the following factors, listed on the verdict sheet, in finding that this mitigating circumstance had been established:
 (1) Appellant suffered abuse as a child.
 (2) Appellant grew up in a dysfunctional family.
 (3) Appellant suffered physical abuse.
 (4) Appellant suffered psychological abuse.
 (5) Appellant suffered neglect.
 (6) Appellant suffered deprivation.
 (7) Appellant suffered poverty.
 (8) Appellant has adapted very well to life in prison.
 (9) Appellant has undergone a religious conversion.

The jury then concluded that the aggravating circumstance outweighed the mitigating circumstance and set the penalty at death. This sentence and a sentence of two and one-half to five years imprisonment on the conviction for endangering the welfare of a child were formally imposed on March 21, 2007, and amended on March 23, 2007. Appellant filed post-sentence motions, which were denied. This direct appeal followed.[5]

On appeal, Appellant raises the following issues:

1) The trial court erred in denying Appellant's post-sentence motions where the verdict of death was against the weight of the evidence;

2) The trial court erred in failing to grant Appellant's Motion for Judgment of Acquittal and to Arrest judgment.[6]

■ In support of his first issue, Appellant argues that the verdict of death was against the weight of the evidence because the jury, in fixing the penalty at death, found that the one aggravating circumstance it determined the Commonwealth had established outweighed the ten mitigating "factors"[7] listed on the verdict sheet based on the "catch-all" provision of 42 Pa.C.S. § 9711(e)(8). The Appellant further contends that the fact the jury deliberated for only two hours before rendering its decision demonstrates that it did not conduct a meaningful review of the evidence presented during the penalty hearing. Finally, according to Appellant, because the jury concluded that "the fact that the victim was a child

5. Appellant first filed his appeal in the Superior Court. On October 15, 2007, the Superior Court issued an Order transferring the appeal to this Court pursuant to 42 Pa.C.S. § 722(4) and Pa.R.A.P. 751(a).

6. While we usually have the additional self-imposed duty to review the sufficiency of the evidence, it is unnecessary here because this Court did so in Appellant's initial direct appeal, *Commonwealth v. Reyes*, 681 A.2d at 725–727.

7. Appellant mistakenly refers to these factors as constituting ten mitigating circumstances. This is incorrect because the "factors" were not presented to the jury as mitigating circumstances but rather as factors the jury should consider in deciding whether to find the "catch-all" mitigating circumstance set forth at 42 Pa.C.S. § 9711(e)(8). The only other mitigating circumstance presented to the jury was the one set forth at 42 Pa.C.S. § 9711(e)(3), regarding "impaired capacity."

outweighs all other mitigating factors, regardless of their number, regardless of their importance and regardless of their relevance," he was denied "fundamental fairness" and received "a sentence which is cruel and unusual." Appellant's Brief at 11. While Appellant concedes that a jury may discount any number of mitigating circumstances and find that a single aggravating circumstance outweighs any number of mitigating circumstances, he nonetheless asserts, without citation to any legal authority, that "a jury may not do so simply by finding the existence of one aggravating circumstance beyond a reasonable doubt and, thereafter concluding, that one aggravating circumstance will outweigh any mitigating circumstances." Appellant's Brief at 10. In effect, Appellant is attacking the death penalty statute on due process grounds. Such a challenge presents a question of law; our standard of review is *de novo* and the scope of review plenary. *Commonwealth v. Hall*, 574 Pa. 233, 830 A.2d 537 (2003).

In support of his position, Appellant cites to the amendments set forth in Article I, Section 13 of the Pennsylvania Constitution and the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment, and to the Pennsylvania Sentencing Code, which provides that in deciding upon a sentence, a court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. 9721(b).

There is no legal mechanism by which a sentence of death may be overturned by this Court on the basis of an improper weighing of aggravating circumstances and mitigating circumstances because our authority to vacate a death sentence is circumscribed by the death penalty statute, specifically 42 Pa.C.S. 9711(h)(3), which provides:

(h) REVIEW OF DEATH SENTENCE.—

54

\* \* \* \*

(3) The Supreme Court shall affirm the sentence of death unless it determines that:

(i) the sentence of death was the product of passion, prejudice or any other arbitrary factor; or

(ii) the evidence fails to support the finding of at least one aggravating circumstance specified in subsection (d).

This restriction on our authority has caused this Court to reiterate many times that it is exclusively the function of the jury in the first instance to decide whether aggravating and mitigating circumstances exist and then whether the aggravating circumstances outweigh any mitigating circumstances. In *Commonwealth v. Dennis Miller*, 555 Pa. 354, 724 A.2d 895 (1999), *cert. denied*, 528 U.S. 903, 120 S.Ct. 242, 145 L.Ed.2d 204 (1999), this Court wrote:

The weighing of aggravating and mitigating circumstances is a subjective process, not merely a quantitative procedure. Consequently, this task is the sole prerogative of the sentencing authority, which may assign determinative weight to a particular circumstance or circumstances.

724 A.2d at 902 (internal citations omitted). Consequently, the weighing process is "exclusively" a question for the factfinder, be it a court or jury. *Commonwealth v. Moser*, 519 Pa. 441, 549 A.2d 76 (1988). *See also Commonwealth v. Kenneth Miller*, 572 Pa. 623, 819 A.2d 504, 518 (2002); *Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177, 1186 (1994).

 In view of the clear mandate that we may not reverse a death penalty on weight of the evidence grounds, it is clear that Appellant's first claim is unavailing. Moreover, apart from the fact that we may not re-weigh the evidence, it is also clear that Appellant's argument is predicated upon the misguided belief that the jury, in deciding upon a sentence of death, found that one aggravating circumstance outweighed ten mitigating circumstances. In reality, only a single mitigating circumstance was found, namely, the "catch-all" set forth at 42 Pa.C.S. § 9711(e)(8). While one or more of the

jurors may have made a factual determination that the ten factors set forth on the verdict sheet had been established by Appellant, that finding did not metamorphose those factors into additional statutory mitigators. Thus, the burden of each juror was to weigh the one aggravating circumstance unanimously found against any one mitigating circumstance that he or she may have found, not to weigh one aggravating circumstance against ten mitigating circumstances, as Appellant asserts. Even if one or more jurors had found ten mitigating circumstances, and the jury as a whole had found one aggravating circumstance, a reversal of the death sentence would not necessarily have been required since a "jury can afford weight as it sees fit in determining whether to impose the death penalty. In other words, a mere mathematical finding of more aggravating or mitigating circumstances is not dispositive; a jury may weigh one factor more heavily than multiple other factors." *Commonwealth v. Speight,* 578 Pa. 520, 854 A.2d 450, 461 n. 10 (2004). The fact that the jury concluded that the aggravating circumstance outweighed any mitigating circumstances does not render its verdict the "product of passion, prejudice or any other arbitrary factor." 42 Pa.C.S. § 9711(h)(3)(i).

■ Appellant's claim that the verdict of death should be overturned based on the alleged brevity of deliberations (two hours) entitles him to no relief. We so conclude because the record is devoid of any evidence that the verdict was a product of passion or prejudice. Moreover, we are not persuaded the length of time, by itself, demonstrates passion or prejudice. The jury may have been thoroughly convinced that the aggravating circumstance outweighed the sole mitigating circumstance in light of the heinous nature of the crime. *See Commonwealth v. Bardo,* 551 Pa. 140, 709 A.2d 871, 878 (1998) (explaining that the aggravating circumstance pertaining to the killing of a child under twelve years of age "merely reflects the legislative judgment that a killing of a person under the age of twelve is a particularly heinous crime"). Finally, we are aware of no criminal case in which a verdict has been overturned solely because of the brevity of the jury's

56

deliberations.[8] Accordingly, we conclude that Appellants first issue lacks merit.[9]

Appellants second issue is based on his assertion that the evidence was insufficient to support the verdict of death. In support of this claim, instead of providing this Court with relevant argument and citations to legal authority to allow this Court to address the issue on its merits, Appellant merely states the following:

> Through Marcia Reyes' mother and through introduction of the birth certificate of Marcia Reyes, the Commonwealth did present evidence of aggravating circumstance that Marcia Reyes was under the age of fourteen[sic] when she died. The defense incorporates the argument set forth above in support of its argument that this evidence was legally insufficient to support the verdict of death.

Appellant's Brief at 12.

■ It is obvious from Appellant's argument that he concedes that the Commonwealth met its burden of proving the sole aggravating circumstance it presented to the jury. He claims that verdict of death should be reversed anyway for the identical reasons he claims the verdict of death was against the weight of the evidence. As stated above, this Court is prohibited from re-weighing the evidence and we will not do so here. Accordingly, since the record demonstrates that the Commonwealth presented sufficient evidence to support the aggravating circumstance beyond a reasonable doubt, Appellant's sufficiency claim is rejected.

8. *See* Annotation, Effect on Verdict in Criminal Case of Haste or Shortness of Time in which Jury Reached It, 91 A.L.R.2d 1238 (1963). Although originally published in 1963, the Annotation has been updated to reflect the most recent cases. To date, the premise that no case has been overturned on account of the shortness of deliberations still stands.

9. To the extent Appellant argues the weighing of aggravating and mitigating circumstances violates due process, we note that the death penalty statute and its mechanism for determining a sentence in a capital case has withstood constitutional challenge. *Commonwealth v. Means*, 565 Pa. 309, 773 A.2d 143, 151–152 (2001).

Because we conclude the sentence of death was not the product of passion, prejudice or any other arbitrary factor, and because the evidence was sufficient to support the aggravating circumstance the jury found when it imposed sentence, we find no error. *See* 42 Pa.C.S. § 9711(h)(3)(i), (ii). Accordingly, we affirm the sentence of death.

Judgment of sentence affirmed.[10]

Chief Justice CASTILLE, and Justice SAYLOR, EAKIN and BAER, Justice TODD and Justice McCAFFERY join the opinion.

---

10. The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor pursuant to 42 Pa.C.S. § 9711(i).