[J-69-2015] [MO: Dougherty, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 702 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on August 31, 2014 in the Court |
| | : | of Common Pleas, Westmoreland |
| v. | : | County, Criminal Division at No. CP-65- |
| | : | CR-0000851-2010. Post Sentence |
| | : | Motions Denied July 16, 2014. |
| MELVIN KNIGHT, | : | |
| | : | SUBMITTED: October 7, 2015 |
| Appellant | : | |

## DISSENTING OPINION

**JUSTICE MUNDY**                                    **DECIDED: November 22, 2016**

I respectfully dissent from the majority's holding vacating Appellant's judgment of sentence and awarding a new penalty hearing. I disagree that Commonwealth v. Rizzuto, 777 A.2d 1069 (Pa. 2001) applies under the circumstances of this case. Rizzuto held "where a mitigating circumstance is presented to the jury by stipulation, the jury is required by law to find that mitigating factor." Id. at 1089. I agree that if the parties stipulate to a mitigating factor the jury must find that factor as a matter of law. However, I cannot agree that a jury is required to find a factor which has been presented for the jury's determination absent a stipulation.

I agree with Justice Baer's statement in his concurring opinion that, based on Detective Vernail's testimony alone, he is "unconvinced that the jury was required as a matter of law to find the Section 9711(e)(1) mitigating circumstance because the jury was free to disbelieve the testimony presented, as a fact-finder has exclusive authority to make credibility determinations." Concurring Op. at 2, *citing* Commonwealth v.

Diamond, 83 A.3d 119, 134 (Pa. 2013), *cert. denied*, Diamond v. Pennsylvania, 135 S. Ct. 145 (2014).

However, I write separately to distance myself from his conclusion the jury was required to find the Section 9711(e)(1) mitigating circumstance based on "the prosecutor's explicit concession that Detective Vernail's review of Appellant's criminal history was correct[.]" Id. A prosecutor's closing statement is pure argument, not evidence. *See* Commonwealth v. Johnson, 668 A.2d 97, 107 (Pa. 1995), *cert. denied*, Johnson v. Pennsylvania, 519 U.S. 827 (1996). Thus, any perceived "concession" contained in a closing argument is not evidence the jury is bound to consider.

Appellant claims that the jury's failure to find the Section 9711(e)(1) mitigator was "arbitrary and capricious." Appellant's Brief at 37-39. I agree with the trial court and the Commonwealth that the jury was solely responsible for determining if a mitigating factor existed. At sentencing, the Commonwealth explicitly refused to stipulate to the existence of the mitigator at issue. Therefore, it was incumbent upon Appellant to prove the mitigator by a preponderance of the evidence. *See* 42 Pa.C.S. § 9711(c)(1)(iii). It was then the exclusive role of the jury to determine whether the mitigator existed and, if so, whether it outweighed any proven aggravating circumstances.

As this Court stated in Commonwealth v. Reyes, 963 A.2d 436 (Pa. 2009), *cert. denied*, Reyes v. Pennsylvania, 558 U.S. 850 (2009), our authority to vacate a death sentence is governed by statute.

> There is no legal mechanism by which a sentence of death may be overturned by this Court on the basis of an improper weighing of aggravating circumstances and mitigating circumstances because our authority to vacate a death sentence is circumscribed by the death penalty statute, specifically 42 Pa.C.S. [§] 9711(h)(3), which provides:
>
> (h) REVIEW OF DEATH SENTENCE.—
>
> …

(3) The Supreme Court shall affirm the sentence of death unless it determines that:

(i) the sentence of death was the product of passion, prejudice or any other arbitrary factor; or

(ii) the evidence fails to support the finding of at least one aggravating circumstance specified in subsection (d).

This restriction on our authority has caused this Court to reiterate many times that it is exclusively the function of the jury in the first instance to decide whether aggravating and mitigating circumstances exist and then whether the aggravating circumstances outweigh any mitigating circumstances.

Id. at 441.

Moreover, in Commonwealth v. Walter, 966 A.2d 560 (Pa. 2009), *cert. denied*, Walter v. Pennsylvania, 558 U.S. 1052 (2009) this Court held:

[t]he law is clear that the task of determining the existence of mitigating factors is for the jury alone. A capital jury is not required to find a mitigating factor presented by a defendant, even if the Commonwealth fails to present evidence rebutting the existence of that factor. As in [Commonwealth v.] Treiber, [874 A.2d 26 (Pa. 2005), *cert. denied,* 547 U.S. 1076 (2006)] the jury here was presented with evidence and chose, in its discretion, to reject it. Appellant points to no error that occurred at the penalty hearing.

Id. at 568 (quotation marks and some citations omitted). In Walter, this Court concluded that the appellant pointed to no error at the penalty hearing, but rather asked us "to substitute our own judgment for that of the jury, a charge we are without authority to undertake." Id.

In Commonwealth v. Ballard, 80 A.3d 380 (Pa. 2013), *cert. denied*, Ballard v. Pennsylvania, 134 S. Ct. 2842 (2014), the appellant asked this Court to review the jury's failure to find the catchall mitigator despite presenting what he deemed to be "unrebutted" evidence of 15 reasons why it should be found. Noting that the catchall mitigator is subjective, this Court found that the appellant failed to set forth a legal

argument, noting that "[i]rrespective of why the jury determined not to find this particular mitigating circumstance, the point remains that the determination was reposed with the fact finder. *See* Reyes. We cannot set it aside, based upon speculation that the jury did not do its duty." Id. at 411.

Instantly, the jury was charged with the specific task of determining whether or not Appellant had a "significant history of prior criminal convictions." Id. § 9711(e)(1). The only evidence adduced was the testimony of one witness, which the jury was free to consider and reject. *See* Walter, 966 A.2d at 568. However, under the majority's view, the Commonwealth's closing argument regarding the weight the jury should give to Appellant's prior criminal history provides the linchpin to require the jury to find that mitigator, as a matter of law, in favor of Appellant.

The following is an excerpt of the specific argument made by the Commonwealth to the jury in its closing.

> Lastly, I expect the defendant will argue, rightfully so, that he has no significant history of criminal convictions. And that is true. You remember that he asked - - the defendant's lawyer asked Detective Vernail yesterday whether he had obtained a criminal history of the defendant and Detective Vernail did and it did not show any convictions. So, certainly this is a mitigating circumstance that is permitted to be offered in a death penalty trial. And, again, you must consider that. But I ask you to balance that against the horrific events of this particular crime. It wasn't simply a killing. It was a murder that was committed during the course of a felony, during the course of kidnapping, aggravated assault, a rape. And it was worsened by the fact that it wasn't done by the defendant himself, that he joined with other people to keep her, Jennifer away from her family, from anybody who would help her, to kidnap her in effect. He had no prior convictions, but in this particular case he pled guilty to first degree, second degree, two conspiracy charges and kidnapping. Five separate felonies.

N.T., 8/30/12, at 1768-1769.

The defense then argued that Appellant's prior criminal history should mitigate his sentence.

Now, we know that he spent time in jail. You've heard about that. These are for traffic - - not traffic citations, but a citation more or less equivalent to a traffic offense or thereabouts. Why is he in jail? He's in jail because he doesn't get the citation, he doesn't show up for court. It's not because someone threw him in jail for being guilty. He doesn't show up for the hearing. That's why he got put in jail and that's how he came to be acquainted with Ricky Smyrnes. These citations, disorderly conduct or harassment, certainly you wouldn't want your kids involved in it, you wouldn't want your kids to bring home a citation, but you know these are the sorts of things that happen. The point is, he didn't have a significant prior history. No history of misdemeanors or felonies at the time of this offense despite all that you've heard.

Id. at 1776-77.

In line with our previous cases, the trial court instructed the jury, that if any member of the jury finds that the defense proved a mitigating factor they are to consider it and list it on the verdict sheet. In explaining the jury's role in determining mitigating factors the trial court instructed as follows.

The following mitigating circumstances are submitted to the jury and must be proved by the defendant by a preponderance of the evidence. And, again, preponderance is not the same as beyond a reasonable doubt. It makes it more likely than not. Think of a scale, and if it tips a little bit more one way, that's the preponderance of the evidence. And there are four that are listed for you. And the same as the aggravators, you might decide one of these, you might decide all of them, you might decide none of them.

N.T., 8/30/12, at 1845 (emphasis added).

Further, the trial court correctly instructed the jury that they were the sole fact finders in this matter. Importantly, the trial court's charge to the jury specifically instructed that the prosecutor's closing statement is argument, not evidence.

Members of the jury, now that all of the evidence has been presented and the attorneys for both sides have made their closing arguments, it becomes my duty to instruct you in the law which you will apply to the facts as you find them in reaching your verdict.

…

> As I mentioned to you at the outset, it is my responsibility to decide all questions of law, and you must accept and follow my rulings and instructions on matters of law. I am not, however the judge of the facts. It is not for me to decide what facts are true facts in this matter. You, the jury are the sole and only judge of the facts. It is your responsibility to weigh the evidence, and based on that evidence and the logical inferences which flow from that evidence, to find the facts, to apply the rules of law which I give you, to the facts as you find them, and then decide whether the defendant should be sentenced to death or life imprisonment.
>
> …
>
> Ladies and gentlemen, you have now heard evidence and arguments of counsel. Once again, I will reiterate to you that the arguments of counsel are not evidence.

N.T., 8/30/12, at 1813-16. This statement reaffirms that counsels' statements are not evidence or binding, but merely persuasive argument in favor of their respective positions. *See* Johnson, 668 A.2d at 107.

Because there was no stipulation regarding Appellant's prior criminal history, the jury was free to weigh Detective Vernail's testimony and consider the arguments of counsel. The Commonwealth did not argue that the jury must find Appellant had no prior significant criminal history, only that they must consider Detective Vernail's testimony regarding it. Defense counsel did not argue Appellant's prior criminal history was uncontradicted, only that Appellant "didn't have a significant prior criminal history." The defense undoubtedly makes an argument that this was met by a preponderance of the evidence, but nevertheless, this is clearly a question for the jury, and the jury after consideration, did not find it. Therefore, I would decline to substitute the judgment of this Court for that of the jury. *See* Walter, 966 A.2d at 568. I am cognizant of the facts of this case and that as objective reviewers it is possible to disagree with the jury's failure to find the mitigating factor based on the evidence presented. However, the potential negative consequences that could arise from extending our current jurisprudence which states a mitigating factor that is presented by stipulation must be

found by the jury, to directing a jury to find a factor based on what we deem uncontradicted evidence, usurps the jury's very specific role in our bifurcated capital case law.

A stipulation, as in Rizzuto, is a different circumstance, one the trial court in this instance recognized, and specifically described in its instruction to the jury.

> Earlier in my preliminary instructions I told you that statements made by counsel are not evidence and are not binding on you. There are exceptions to this. The stipulation that was read to you earlier in the trial regarding the toxicology report … is one of those exceptions. … When the District Attorney and counsel for the defendant stipulate, that is when they agree that a certain fact is true, their stipulation is evidence of fact. You should regard the stipulated or agreed fact as proven.

Id. at 1822. In the absence of a stipulation the jury cannot be faulted for failing to find a mitigator in favor of the defendant, when it was explicitly within its discretion to reject the evidence presented.

Of equal importance, I also write to note that the jury's failure to find the Section 9711(e)(1) factor does not lead to an arbitrary and capricious result. The jury in this case unanimously found two aggravating factors beyond a reasonable doubt; that the killing was committed during the commission of a felony, and that the killing was committed by a means of torture. The jury heard about the extensive abuse and torture the victim incurred prior to her murder at the hands of Appellant and his co-defendant. The jury also found the catchall mitigating factor and weighed this against the two aggravating factors. See Reyes, 963 A.2d at 441. Ultimately, the jury concluded the aggravating factors outweighed the mitigating factor and unanimously returned a verdict of death. N.T., 8/30/12, at 1865.

Accordingly, I dissent from the majority's conclusion that Appellant is entitled to a new penalty hearing and I would affirm Appellant's judgment of sentence.